```
KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
SARAH SALOMON - # 308770
ssalomon@keker.com
SANA A. SINGH - # 342614
ssingh@keker.com
ELEANOR F. BROCK - # 346681
ebrock@keker.com
YEGINA WHANG - # 350287
ywhang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. GREENE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>　　　　Defendants. | Case No.<br><br>**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**Removal Pursuant to 28 U.S.C. §§ 1441(a), 1446 (Federal Question).**<br><br>Removed from the Superior Court for the State of California, County Santa Clara.<br><br>Complaint Filed:　　January 23, 2026<br><br>Action Removed:　　March 2, 2026 |

DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

4103287

**PLEASE TAKE NOTICE** that Defendants Google LLC and Alphabet Inc. (collectively, "Defendants") hereby remove the state-court action (the "Action") filed as Case No. 26-CV-485291 in the Superior Court of the State of California of the County of Santa Clara to the United States District Court of the Northern District of California. Removal is authorized by 17 U.S.C. § 301(a) and 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454. In removing this action, Defendants expressly reserve all defenses and rights.

I.      **STATEMENT OF THE CASE**

1.      On January 23, 2026, Plaintiff David L. Greene ("Mr. Greene") filed suit against Defendants in the Superior Court of the State of California, Santa Clara County, in *David L. Greene v. Google LLC*, Case No. 26-CV-485291.[1]

2.      Mr. Greene served Defendants with a copy of the Complaint and Summons on February 2, 2026. See Exs. E and F (Proofs of Service).

3.      Google is an "internet company that creates, markets, and sells software and hardware technology products."[2] Ex. B, Complaint ¶ 32. In July 2023, Google launched an artificial intelligence ("AI") product called *NotebookLM*. *Id.* ¶ 34. *NotebookLM* enables users to, among other things, "create podcasts with AI-generated virtual hosts from documents they have shared with *NotebookLM*, such as course readings or legal briefs." *Id.* ¶ 43. Mr. Greene, a journalist, author, and podcast host, alleges that Google used "copies" of his voice recordings "to develop, train, and refine" *NotebookLM*. *Id.* ¶¶ 1, 2, 16.

4.      Based on these allegations, Mr. Greene asserts four causes of action purportedly arising under California law: (1) violation of California's right of publicity statute under California Civil Code section 3344; (2) unfair competition under California Business & Professions Code section 17200; (3) violation of right of publicity under California common law; and (4) a quasi-contract/unjust enrichment claim. *See id.* at 21–24.

---

[1] Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served upon" Defendants are attached as exhibits herewith as **Exhibit A** (Civil Case Cover Sheet), **Exhibit B** (Complaint), **Exhibit C** (Summons), **Exhibit D** (Notice of Manual Filing), **Exhibit E** (Proof of Service - Alphabet Inc.), and **Exhibit F** (Proof of Service - Google LLC).

[2] Google is a subsidiary of Defendant Alphabet Inc. *See* Ex. B, Complaint ¶ 24.

5. All four causes of action concern the alleged unauthorized use, copying, duplication, reproduction, performance, display, and distribution of recordings of Mr. Greene's voice. *See id.* ¶ 16 ("Google downloaded, copied, and/or otherwise imitated Mr. Greene's voice without his consent and without any just compensation. . . . [H]is singular voice . . . would not be in the podcast productions without having been in the training data in the first place."); *id.* ¶ 18 (Google uses Mr. Greene's "voice, performance, and words"); *id.* ¶ 65 ("Google took, copied, or otherwise imitated recordings of Mr. Greene's distinctive, marketable, and widely recognizable voice and used data it obtained from doing so to train" *NotebookLM*.). Mr. Greene further alleges that Google "creates a competing product" with Mr. Greene's podcasts, which reflect his "editorial style," "journalistic voice," "creative expression," and "show formats." *Id.* ¶¶ 68, 70; *see also id.* ¶ 72 (alleging that Google has created "a competing product derived from his works").

6. In this Action, Mr. Greene seeks, *inter alia*, "a declaration that such infringement in willful"; actual, statutory, and punitive damages; injunctive relief "including but not limited to the deletion of data acquired from or related to Mr. Greene"; and attorneys' fees and costs. *Id.* at 24.

7. As discussed in more detail below, the Action is properly removed to this Court under the complete preemption doctrine pursuant to 28 U.S.C. §§ 1331 and 1441(a). Causes of action that are not preempted by the Copyright Act, if any, are removable under 28 U.S.C. § 1441(c) and within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

## II.    JURISDICTION

8. A defendant may remove to this Court any state-court civil action over which this Court has original subject matter jurisdiction. 28 U.S.C. § 1441(a).

9. This Court has original subject matter jurisdiction over federal questions—that is, "all civil actions arising under the Constitution [or] laws . . . of the United States." 28 U.S.C. § 1331.

10. Defendants remove this Action based on federal question jurisdiction under 28 U.S.C. §§ 1338(a) and 1454, which vest in this Court original and exclusive subject matter

2
DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

4103287

jurisdiction over claims arising under the Copyright Act. 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."); 28 U.S.C. § 1454(a) ("A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States[.]"). This Court also has original jurisdiction over claims of unfair competition joined with a copyright claim. 28 U.S.C. § 1338(b).

11. In enacting the Copyright Act, Congress completely preempted any state law that intrudes on the field of copyright. 17 U.S.C. § 301(a); *see also Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1122–23 (N.D. Cal. 2001) (holding that "the Copyright Act completely preempts state-law claims within the scope of" § 301 (collecting cases)); *Pizarro v. Aguilar*, No. CV 10-2252-GHK (SSx), 2010 WL 11598015, at *2 (C.D. Cal. July 6, 2010) (noting that the "Copyright Act has complete preemptive force"). This Court's removal jurisdiction encompasses state-law claims that are preempted by the Copyright Act. *See, e.g.*, *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 820 (C.D. Cal. 1997) (finding removal of state law claims proper on copyright preemption grounds); *Firoozye*, 153 F. Supp. 2d at 1123 (noting that finding complete preemption would justify denying a motion to remand); *Daniher v. Pixar Animation Studios*, No. 22-cv-00372-BLF, 2022 WL 1470480, at *5–6 (N.D. Cal. May 10, 2022).

12. Although nominally denoted under state law theories, Mr. Greene's causes of action are preempted by the Copyright Act. *See* 17 U.S.C. § 301(a). All four causes of action set forth in the Complaint concern the alleged unauthorized use, copying, duplication, reproduction, performance, display, and distribution of sound recordings of Mr. Greene's voice. *See* Ex. B, Complaint ¶¶ 16, 65. Accordingly, Mr. Greene's causes of action are within the original jurisdiction of the federal courts under 28 U.S.C. §§ 1331 and 1338(a).

13. Mr. Greene's claims are preempted by the Copyright Act, thereby vesting this Court with subject matter jurisdiction. Even if fewer than all of the claims are preempted, the

///

3
DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

4103287

preemption of just one claim is enough to sustain removal. *See NTD Architects v. Baker*, No. 12cv0020 AJB (JMA), 2012 WL 2498868, at *8 (S.D. Cal. June 27, 2012).

14.  If the Court determines that it has original jurisdiction over only some of Mr. Greene's claims, it may exercise supplemental jurisdiction over Mr. Greene's remaining claims under 28 U.S.C. § 1367.

### III.   PROCEDURAL REQUIREMENTS

15.  This Notice of Removal is timely because Mr. Greene served Defendants with a copy of the Complaint and Summons on February 2, 2026. *See* Exs. E and F (Proofs of Service); *see also* 28 U.S.C. § 1446(b) (party has thirty days to file notice of removal); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

16.  Defendants jointly file this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A). There is no other defendant in this Action.

17.  Defendants will serve this Notice on Plaintiff's counsel and on the Clerk of the Superior Court of the State of California of the County of Santa Clara. *See* 28 U.S.C. § 1446(d).

### IV.   VENUE, INTRA-DISTRICT ASSIGNMENT & RELATED CASES

18.  Defendants may remove the Action to this District because this District embraces the Superior Court of the State of California of the County of Santa Clara, where Mr. Greene originally filed his Complaint. *See* 28 U.S.C. § 1441(a).

19.  Because this case pertains to intellectual property rights, it is excluded from this Court's Local Rule pertaining to intra-district assignment. *See* Civ. L.R. 3-2(c).

20.  To the extent that intra-district assignment is appropriate, this case should be assigned to the San Jose Division of this District because a substantial part of the events or omissions alleged in the Complaint occurred in Santa Clara County, where Defendants maintain their principal places of business. *See id.*

21.  Defendants are not aware of any related cases currently pending in this District.

///

///

4
DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF REMOVAL OF CIVIL ACTION
Case No.

4103287

**V.  CONCLUSION**

Defendants respectfully request that the Action be removed to this Court pursuant to 17 U.S.C. § 301(a) and 28 U.S.C. §§ 1331, 1338, 1367, 1441, 1446, and 1454. By this Notice of Removal, Defendants intend no admission of fact, law, or liability, and expressly reserve all defenses, motions, and/or pleas.

Dated:  March 2, 2026                              KEKER, VAN NEST & PETERS LLP

By:  */s/ Michelle Ybarra*
MICHELLE YBARRA
SARAH SALOMON
SANA A. SINGH
ELEANOR F. BROCK
YEGINA WHANG

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.