KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
SARAH SALOMON - # 308770
ssalomon@keker.com
SANA A. SINGH - # 342614
ssingh@keker.com
ELEANOR F. BROCK - # 346681
ebrock@keker.com
YEGINA WHANG - # 350287
ywhang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID L. GREENE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No. 3:26-cv-01773-CRB<br><br>**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:       June 12, 2026<br>Time:      10:00 a.m.<br>Dept:      Courtroom 6 – 17th Floor<br>Judge:     Hon. Charles R. Breyer<br><br>Complaint Filed:        January 23, 2026<br><br>Action Removed:        March 2, 2026<br><br>Trial Date:  None Set |

4117537

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 2 |
| | A. Greene's claims are preempted by the Copyright Act. | 2 |
| | 1. Greene's claims fall within the subject matter of copyright. | 3 |
| | 2. The rights Greene asserts are equivalent to copyright rights. | 5 |
| | B. The Complaint independently fails to state a claim for relief. | 8 |
| | 1. The Complaint fails to state a claim under section 3344. | 8 |
| | 2. The Complaint fails to state a claim for common law right of publicity. | 9 |
| | a. The Complaint fails to allege use of Greene's identity | 9 |
| | b. The Complaint fails to plausibly allege Google benefited | 11 |
| | c. The Complaint fails to allege resulting injury. | 11 |
| | 3. The Complaint fails to state a claim for relief under the UCL. | 12 |
| | a. Greene lacks UCL standing. | 12 |
| | b. The Complaint fails to plead the elements of a UCL violation. | 12 |
| | 4. The Complaint fails to state a claim for unjust enrichment. | 13 |
| | 5. The Complaint fails to dispel alternative, innocuous explanations. | 14 |
| | C. Alphabet Inc. is not a proper defendant. | 14 |
| V. | CONCLUSION | 15 |

4117537

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abdul-Jabbar v. GMC*,
  85 F.3d 407 (9th Cir. 1996) ...................................................................................8, 11

*AJ Mgm t. Consulting, LLC v. MBC FZ-LLC*,
  2014 WL 2878891 (N.D. Cal. June 24, 2014) ...............................................................6

*Aligo v. Time-Life Books, Inc.*,
  1994 WL 715605 (N.D. Cal. Dec. 19, 1994) ..................................................................8

*Andersen v. Stability AI Ltd.*,
  700 F. Supp. 3d 853 (N.D. Cal. 2023) .........................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................2, 9, 11

*Best Carpet Values, Inc. v. Google, LLC*,
  90 F.4th 962 (9th Cir. 2024) .....................................................................................3, 7

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ......................................................................................12

*Boyd v. SunButter, LLC*,
  762 F. Supp. 3d 931 (C.D. Cal. 2025) .........................................................................13

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) .........................................................................13

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ..................................................................................2, 14

*Cohen v. Facebook, Inc.*,
  798 F. Supp. 2d 1090 (N.D. Cal. 2011) .........................................................................9

*Daniher v. Pixar Animation Studios*,
  2022 WL 1470480 (N.D. Cal. May 10, 2022) ..............................................................5, 7

*Davis v. HSBC Bank Nev, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) .................................................................................12, 13

*Downing v. Abercrombie & Fitch*,
  265 F.3d 994 (9th Cir. 2001) .........................................................................................4

*Firoozye v. Earthlink Network*,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ..................................................................3, 5, 7

ii

4117537

*In re Google Generative AI Copy. Litig.*,
2025 WL 2624885 (N.D. Cal. Sept. 11, 2025) ..................................................................14

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...........................................................................13

*Harvey v. Netflix, Inc.*,
2024 WL 4536639 (C.D. Cal. Sept. 27, 2024) .................................................................11

*Hodsdon v. Mars, Inc.*,
162 F. Supp. 3d 1016 (N.D. Cal. 2016) ...........................................................................13

*Holt v. Facebook, Inc.*,
240 F. Supp. 3d 1021 (N.D. Cal. 2017) ...........................................................................12

*In re iPhone Application Litig.*,
6 F. Supp. 3d 1004 (N.D. Cal. 2013) ...............................................................................12

*Johnson v. Amazon.com Inc.*,
2025 WL 949495 (W.D. Wash. Mar. 27, 2025) ...............................................................10

*Lancaster v. Alphabet Inc.*,
2016 WL 3648608 (N.D. Cal. July 8, 2016)......................................................................14

*Laws v. Sony Music Ent., Inc.*,
448 F.3d 1134 (9th Cir. 2006) .........................................................................3, 4, 5, 7

*Letizia v. Facebook Inc.*,
267 F. Supp. 3d 1235 (N.D. Cal. 2017) ...........................................................................13

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014) .........................................................................................13

*Maloney v. T3Media*,
853 F.3d 1004 (9th Cir. 2017) ....................................................................................4, 5

*Mattel, Inc. v. Bryant*,
441 F. Supp. 2d 1081 (C.D. Cal. 2005) .............................................................................3

*McVicar v. Goodman Glob., Inc.*,
1 F. Supp. 3d 1044 (C.D. Cal. 2014) ...............................................................................12

*Midler v. Ford Motor Company*,
849 F.2d 460 (9th Cir. 1988) ...........................................................................8, 9, 10, 11

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) ...........................................................................................11

*Pardini v. Unilever United States, Inc.*,
65 F.4th 1081 (9th Cir. 2023) ...........................................................................................2

iii

4117537

*Penpower Tech. Ltd. v. S.P.C. Tech.*,
   627 F. Supp. 2d 1083 (N.D. Cal. 2008) ...................................................................7

*ProconGPS, Inc. v. Star Sensor LLC*,
   2011 WL 5975271 (N.D. Cal. Nov. 29, 2011) ........................................................13

*Russell v. Walmart, Inc.*,
   680 F. Supp. 3d 1130 (N.D. Cal. 2023) ..................................................................14

*In re Town & Country Home Nursing Servs., Inc.*,
   963 F.2d 1146 (9th Cir. 1991) ................................................................................9

*U.S. v. Bestfoods*,
   524 U.S. 51 (1998)..................................................................................................14

*Upper Deck Co. v. Panini Am., Inc.*,
   469 F. Supp. 3d 963 (S.D. Cal. 2020).....................................................................12

*Waits v. Frito-Lay, Inc.*,
   978 F.2d 1093 (9th Cir. 1992) ..........................................................................10, 11

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .............................................................................2, 6

*Xerox Corp. v. Apple Computer, Inc.*,
   734 F. Supp. 1542 (N.D. Cal. 1990) ....................................................................5, 7

*Young v. Greystar Real Estate Partners, LLC*,
   2019 WL 4169889 (S.D. Cal. Sept. 3, 2019)......................................................6, 10

**State Cases**

*Cross v. Facebook*,
   14 Cal. App. 5th 190 (2017) ...................................................................................11

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal. App. 4th 247 (2010) .................................................................................12

*Fleet v. CBS, Inc.*,
   50 Cal. App. 4th 1911 (1996) ...........................................................................3, 4, 6

*Hall v. Time Inc.*,
   158 Cal. App. 4th 847 (2008) .................................................................................12

*Johnson v. Harcourt, Brace, Jovanovich, Inc.*,
   43 Cal. App. 3d 880 (1974) ......................................................................................9

*Slivinsky v. Watkins–Johnson Co.*,
   221 Cal. App. 3d 799 (1990) ...................................................................................11

4117537

**Federal Statutes**

17 U.S.C. § 102 ..................................................................................................................1, 3

17 U.S.C. § 106 ...........................................................................................................1, 3, 6, 7

17 U.S.C. § 301 ..................................................................................................................1, 8

**State Statutes**

Cal. Civ. Code § 3344 ...........................................................................................................8, 9

Cal. Civ. Code § 3344.1 ...........................................................................................................8

**Rules**

Fed. R. Civ. P. 9 ...................................................................................................................13

Fed. R. Civ. P. 12 ...................................................................................................................1

**Other Authorities**

S.B. 683, 2025-2026 Reg. Sess. (Cal. 2025) ..............................................................................8

v

DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 3:26-cv-01773-CRB

4117537

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 12, 2026, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Charles R. Breyer, in the San Francisco Courthouse, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California, 94102, Defendants Google LLC and Alphabet Inc. ("Defendants") will and hereby do move to dismiss the complaint filed by Plaintiff David L. Greene ("Greene") in its entirety and with prejudice under the complete preemption doctrine and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion, the following memorandum of points and authorities, the declaration of Michelle Ybarra and the exhibits attached thereto, the request for judicial notice, all pleadings and papers on file or to be filed in this action, counsel's arguments, and any other matters properly before the Court.

Dated:  April 24, 2026                                    KEKER, VAN NEST & PETERS LLP


                                                  By:    */s/ Michelle Ybarra*
                                                         MICHELLE YBARRA
                                                         SARAH SALOMON
                                                         SANA A. SINGH
                                                         ELEANOR F. BROCK
                                                         YEGINA WHANG

                                                         Attorneys for Defendants
                                                         GOOGLE LLC and ALPHABET INC.

DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 3:26-cv-01773-CRB

4117537

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff David Greene alleges that Google copied recordings of his radio and podcast episodes and used them to train an AI model that generates a synthetic voice for *NotebookLM*'s Audio Overviews, a feature of Google's AI-powered tool. Because Greene's claims fall squarely within the subject matter and rights governed by the Copyright Act, they are preempted.

The Copyright Act provides the exclusive framework for claims arising from the copying, distribution, performance, or preparation of derivative works from sound recordings. 17 U.S.C. §§ 102, 106, 301. Greene's allegations fit precisely within that framework. He repeatedly alleges that Google "copied" recordings of his broadcasts, used them as "training data," and created a "digital replica" derived from those works. *See, e.g.,* ECF No. 1-3 ("Compl.") ¶¶ 1, 12, 35, 65. And he complains that Google used his "performance," "words," and "show formats" to create a "competing product derived from his works." *See id.* ¶¶ 18, 70, 72. The conduct alleged is squarely within copyright's exclusive domain, and Greene's right of publicity, unfair competition, and unjust enrichment claims are therefore preempted.

Even absent preemption, the Complaint fails to allege facts sufficient to state any claim and therefore fails under Rule 12(b)(6). And for all claims, Greene fails to address an obvious alternative explanation: two voices sometimes can sound vaguely similar, particularly in the context of generic vocal archetypes like broadcasters or, as Greene acknowledges, the generic category of "your typical NPR explainer." Compl. ¶ 62. Such happenstance similarity alone is not sufficient to plead any of Greene's claims. Finally, the Complaint pleads no facts supporting liability against Defendant Alphabet Inc., which should be dismissed.

### II.    FACTUAL BACKGROUND

In July 2023, Google LLC ("Google") launched *NotebookLM*, an AI product that enables users to, among many other things, "create podcasts with AI-generated virtual hosts from documents they have shared with *NotebookLM*" through its "Audio Overviews" feature. Compl. ¶¶ 34, 41, 43. The Complaint alleges that the podcasts generated by *NotebookLM* "feature[] two

4117537

'AI hosts': one male and one female voice."[1] *Id.* ¶ 52.

Greene is a journalist and was, until 2021, a host of the NPR program *Morning Edition*. *Id.* ¶¶ 21–22. He alleges that Google used "copies" of his voice, *id.* ¶ 1, to create the male voice in Audio Overviews. *Id.* ¶ 34. Greene alleges that Google "cop[ied] a massive corpus of text and media" to create a "training dataset," which included "recordings featuring [Greene's] voice." *Id.* ¶¶ 12, 35, 65. Greene further alleges that *NotebookLM* itself constitutes "a competing product derived from his works," *id.* ¶¶ 68, 72, by allowing users to create podcasts imitating his "performance," "words," "editorial style, journalistic voice, and creative expression" and copying his "show formats." *Id.* ¶¶ 18, 68, 70, 72.

## III.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Moreover, "when the allegations of the complaint give rise to an affirmative defense that clearly appears on the face of the pleading," such as preemption, dismissal is warranted. *Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1084 (9th Cir. 2023). When assessing plausibility, courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144 n.4 (9th Cir. 2012) (citation omitted). And "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability," plaintiffs must plead "facts tending to exclude the possibility that the alternative explanation is true." *In re Century Aluminum Co. Sec. Litig.,* 729 F.3d 1104, 1108 (9th Cir. 2013).

## IV.    ARGUMENT

### A.    Greene's claims are preempted by the Copyright Act.

Although Greene styles his claims as state law causes of action, each sounds in copyright

---

[1] The Complaint refers to *NotebookLM*'s male voice as "Charlie." *Id.* ¶ 42. Google did not name it "Charlie"; Greene misconstrued an article about an AI voice created by a different company. *Id.* Defendants will refer to the male Audio Overviews voice as the "*NotebookLM* voice."

4117537

and should be dismissed as preempted.[2] *See Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1132 (N.D. Cal. 2001) (Breyer, J.) (dismissing preempted state law claims). State law claims are preempted under the Copyright Act if (1) the subject matter of the claim falls within the subject matter of copyright; and (2) the rights asserted under state law are equivalent to those protected by 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders. *Id.* at 1123–24; *see also Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). The Court's preemption analysis turns on the substance of the claims—not how they are labeled. *See Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1920 (1996). All of Greene's claims satisfy both elements of the inquiry.

### 1.    Greene's claims fall within the subject matter of copyright.

Each of Greene's state law claims involves "a kind of work that comes within the subject matter of the Copyright Act." *Firoozye*, 153 F. Supp. 2d at 1125. "[T]he subject matter of copyright encompasses original works of authorship fixed in any tangible medium of expression, . . . from which they can be . . . reproduced[.]" *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 971 (9th Cir. 2024) (internal quotation marks omitted). The works at issue in Greene's claims do not "have to be actually protected by a specific copyright or even [themselves] be copyrightable; [they] just ha[ve] to be 'within the subject matter' of the Act." *Firoozye*, 153 F. Supp. 2d at 1124. At bottom, each of Greene's claims is based on allegations that Google downloaded "***recordings*** featuring [Greene's] voice" and "used those stolen ***copies*** to develop, train, and refine" the *NotebookLM* voice. Compl. ¶¶ 1, 35 (emphasis added). Those recordings— radio broadcasts and podcasts—are copyrightable sound recordings and audiovisual works under 17 U.S.C § 102. Additional claim-specific allegations confirm this conclusion:

---

[2] Greene has previously represented to Defendants and the Court that he intends to amend his complaint and move for remand. *See* ECF No. 19 at 2 ("Plaintiff currently plans to file a Motion to Remand before amending its complaint and plans to do so on or before April 1, 2026."). He has done neither. Instead, as outlined in a letter to Defendants dated April 15, 2026, Greene now contends that jurisdictional discovery is required to determine whether copyright preemption applies. Not so. In "determining whether a particular state law claim is completely preempted by federal law for purposes of removal jurisdiction," courts generally "cannot consider post-removal evidence." *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1092–93 (C.D. Cal. 2005). Courts instead consider only: (1) the "factual allegations in the complaint" and (2) "the information included in the notice of removal." *Id.*

DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 3:26-cv-01773-CRB

4117537

***Right of Publicity.*** Underlying both of Greene's right of publicity claims are allegations that Google "downloaded [and] copied" recordings of Greene's voice, *id.* ¶ 16, and unlawfully trained its AI product on those "recordings." *Id.* ¶ 35 (alleging that Google misused "recordings featuring [Greene's] voice"); *see also, e.g., id.* ¶ 18 (alleging that Google used Greene's "performance and words"); *id.* ¶ 40 (citing Google's "technical ability to capture streams of radio, podcasts, and/or audiobooks" as evidence that *NotebookLM* was trained on Greene's voice); *id.* ¶ 65 (alleging "Greene's decades-long radio and podcasting career provided clear datasets that trained Google's voice model"). The Complaint further alleges that users can create podcasts with the *NotebookLM* voice that copy Greene's "creative expression" and "show formats." *Id.* ¶¶ 68, 70. According to Greene, his voice "[could not] and would not be in the [*NotebookLM*] podcast productions without having been in the training data." *Id.* ¶ 16.

Greene's allegations are similar to those found to support preemption in *Fleet*. There, plaintiffs brought a right of publicity claim against a production company for distributing a film in which they had appeared as actors. *Fleet*, 50 Cal. App. 4th at 1915. Because plaintiffs' claim centered on copyrightable "performances captured on film," it was preempted. *Id.* at 1921. Here, Greene alleges that Google trained *NotebookLM* on his "performance," "mannerisms," "editorial style," "creative expression," "words," and "show formats," as captured in recordings. Compl. ¶¶ 16, 18, 68, 70. Those allegations bring his claims squarely within the scope of copyright. *See Fleet*, 50 Cal. App. 4th at 1921; *see also Laws,* 448 F.3d at 1141 ("[F]ederal copyright law preempts a claim alleging misappropriation of one's voice when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium.").

Greene has not made any allegations that "extend beyond the use of the copyrighted material." *Maloney v. T3Media*, 853 F.3d 1004, 1014 (9th Cir. 2017). In *Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001), for example, the Ninth Circuit did not find preemption where the plaintiffs' allegations went beyond mere use of the photograph at issue; plaintiffs alleged that the defendant had "published the photo in connection with a[n] . . . advertising campaign, identified the plaintiffs[] by name, and offered for sale the same t-shirts worn by the plaintiffs in the photo." *Laws*, 448 F.3d at 1141. Greene makes no such allegations. *See* Compl.

4

4117537

¶ 18 (admitting Google does not use his name in connection with *NotebookLM*).

**UCL.** Greene's UCL claim is based on the same allegations regarding misappropriation of Greene's vocal recordings discussed above. *See* Compl., Count 2 ¶¶ 9–11. Therefore, it too concerns works that fall within the subject matter of copyright. *See Maloney*, 853 F.3d at 1019–20 (finding preemption of publicity claims and "derivative UCL claim"). Greene's cursory allegations that "reasonable consumers" were likely to be misled "about the provenance of" the *NotebookLM* voice due to Google's representations that it "***train[ed]*** on 'publicly available ***data***'" and omission of "material facts about [its] ***imitation of Mr. Greene***," Compl., Count Two ¶ 11 (emphasis added), does not change the analysis. Those allegations are still premised on alleged copying. *See Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 (N.D. Cal. 1990) (UCL claim alleging that the defendant's use "caused [] confusion" preempted because the use was premised on copying).

**Unjust Enrichment.** Greene's unjust enrichment claim is likewise premised on Google's alleged misappropriation of radio and podcast recordings featuring Greene's voice. Greene alleges that Google unjustly enriched itself and "appropriat[ed] and exploit[ed] the commercial value" of Greene's voice by using recordings of his voice to develop and sell *NotebookLM*. Compl., Count Four ¶ 2; *see also id.* ¶¶ 1, 16, 68, 70. Accordingly, his unjust enrichment claim also comes within the subject matter of copyright. *See Daniher v. Pixar Animation Studios,* 2022 WL 1470480 at *5 (N.D. Cal. May 10, 2022) (unjust enrichment claim preempted where it was predicated on unauthorized use of a copyrighted work).

### 2.     The rights Greene asserts are equivalent to copyright rights.

As to prong two of the preemption analysis, Greene asserts rights equivalent to those protected by and not "qualitatively different from" copyright rights. *Firoozye*, 153 F. Supp. 2d at 1125. As set forth below, none of his state law claims has "an extra element which changes the nature of the action" from one that sounds in copyright. *Laws*, 448 F.3d at 1143 (citation omitted).

**Right of Publicity.** Greene's right of publicity claims are preempted because the alleged misconduct consists solely of reproducing, distributing, performing or creating derivative works

4117537

from recordings of Greene's voice—*i.e.*, the core, enumerated rights conferred under the Copyright Act. *See* 17 U.S.C. § 106; *see also, e.g.,* Compl. ¶ 65 (alleging that Google "took, copied, or otherwise imitated recordings" of Greene's voice); *supra* at 4. Greene further alleges that Google created "a competing product ***derived from [Greene's] works***," *id.* ¶¶ 68, 72 (emphasis added)—*i.e.*, an unauthorized derivative work. *See* 17 U.S.C. § 106(2). Because the alleged misuse consists of copying Greene's recordings for training and making unauthorized derivative works imitating his "editorial style," "journalistic voice," "creative expression," and "show formats," Compl. ¶¶ 68, 70, 72, the claims seek to vindicate rights equivalent to copyright rights.

Greene fails to allege a qualitatively different element that distinguishes his claims from copyright claims; rather, he merely relabels the exclusive rights under Section 106 as publicity claims. *See Fleet*, 50 Cal. App. 4th at 1920 (holding that preemption turns on whether the claim seeks to prevent use of a copyrighted work, not the claim's label). But, Greene does not plead a use of his vocal identity untethered from the alleged copying of his radio and podcast recordings. Instead, he makes conclusory allegations that Google sought to replicate his "distinctive voice," "delivery, cadence, [] persona," and "mannerisms," Compl. ¶ 16, which need not be taken as true. *See Wilson*, 668 F.3d at 1144 n.4. The only *facts* he pleads alleging reproduction of his vocal identity are that *NotebookLM* voice uses "uhms, "aahs," and "other human-sounding crutch words." Compl. ¶ 62. These generic filler words are not distinctive to any speaker and insufficient to furnish the "extra element" necessary to defeat preemption. *See AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*, 2014 WL 2878891, at * 6 (N.D. Cal. June 24, 2014) (rejecting contention that state law claim contained "extra elements" where plaintiff's allegations suggested otherwise); *cf. Young v. Greystar Real Estate Partners, LLC*, 2019 WL 4169889, at *4 (S.D. Cal. Sept. 3, 2019) (dismissing right of publicity claims premised on common, non-identifying traits).

***UCL.*** Likewise, Greene's UCL claim does not protect any interest qualitatively distinct from those safeguarded by the Copyright Act. The gravamen of the UCL claim is that Google allegedly copied, trained on, and commercially exploited recordings embodying Greene's voice, thereby obtaining "ill-gotten gains." Compl., Count 2 ¶ 12. As above, these allegations merely

6

4117537

repackage rights protected under Section 106. Greene's allegation that Google engaged in "fraudulent" conduct "likely to mislead reasonable consumers" by representing that "it trained on 'publicly available' sources" does not change the outcome. *Id.*, Count 2 ¶ 11. Courts find UCL claims preempted where the claim is based on copyrightable works, so long as "the defendant" was not "'passing off' [its] product as the plaintiff's." *See Xerox*, 734 F. Supp. at 1550; *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1091 (N.D. Cal. 2008). Here, Greene's UCL claim centers on copyrightable works—training data that Greene claims that Google made misrepresentations about—and Greene does not allege that Google attempted to pass *NotebookLM* off as his work; to the contrary, Greene admits that Google has never identified him in connection with *NotebookLM*. *See* Compl. ¶ 18. Tellingly, the remedies that Greene demands likewise seek redress for the alleged violation of copyright. For example, Greene seeks injunctive relief requiring "the deletion of data acquired from or related to Greene," *id.*, Prayer for Relief ¶ 7—*i.e.,* deletion of the **copyrightable materials** allegedly infringed.

*Unjust Enrichment.* Greene's unjust enrichment claim is likewise premised on allegations that Google copied recordings of his podcasts and trained on them without compensating him. *See id.* ¶¶ 1, 35. Greene further alleges that Google was unjustly enriched by "exploiting the commercial value of [his] voice and persona to develop, promote, and sell" *NotebookLM* access. *Id.*, Count 4 ¶ 2. Stripped of labels and conclusory allegations, Greene alleges that Google copied sound recordings, used them to create derivative works, and monetized the result without paying a license. That is the core of a copyright claim. *See Daniher,* 2022 WL 1470480 at *5 (unjust enrichment claim preempted because it was "solely predicated on Pixar's alleged 'benefit'" from use of the work without compensation to plaintiff). Nor can Greene avoid preemption by recasting his claim as use of his "voice and persona" to "promote" or "sell" *NotebookLM. See Laws*, 448 F.3d at 1141 (claims concerning ads capitalizing on a plaintiff's likeness preempted if they involve the "unauthorized use of a copyrighted work"). Courts have repeatedly rejected attempts to evade preemption through artful pleading. *See Best Carpet Values, Inc.*, 90 F.4th at 972–73; *Firoozye*, 153 F. Supp. 2d at 1128.

Because Greene's claims fall squarely within the subject matter of copyright and seek to

7

4117537

vindicate copyright rights, they should be dismissed as preempted under 17 U.S.C. § 301.

**B.     The Complaint independently fails to state a claim for relief.**

**1.     The Complaint fails to state a claim under section 3344.**

To state a claim under California's right of publicity statute, a plaintiff must plausibly allege that (1) the "defendant knowingly used" an aspect of plaintiff's identity, (2) "on or in products, merchandise, or goods," or "for purposes of advertising or solicitation," (3) "to defendant's advantage," (4) "a direct connection between the use and the commercial purpose," (5) lack of consent, and (6) resulting injury. *Aligo v. Time-Life Books*, *Inc.*, 1994 WL 715605, at *2, *2 n.2 (N.D. Cal. Dec. 19, 1994). Greene's claim fails for two reasons.

***First***, the Complaint does not allege that Google used Greene's actual "voice" or any other statutorily protected element of his persona within the meaning of section 3344. Section 3344 protects only five specific *aspects* of an individual's identity: "name, voice, signature, photograph, or likeness." *Abdul-Jabbar v. GMC*, 85 F.3d 407, 414 (9th Cir. 1996); Cal. Civ. Code § 3344. As held by *Midler v. Ford Motor Company*, 849 F.2d 460 (9th Cir. 1988), a vocal *imitation*, or "sound-alike," is not among them. *Id.* at 463. (holding that a "sound-alike" does not constitute use of a plaintiff's "voice" under section 3344 where the vocal imitation was made by a voice actor).

That rule controls here. Greene does not allege that it is his actual voice narrating *NotebookLM* podcasts. Rather, he claims that Google created a "digital replica," Compl. ¶ 5, or imitation that sounds like him, akin to the voice impersonator in *Midler*. *See* Compl. ¶ 61 (alleging that Google "imitated [Greene's] voice"). That Greene alleges Google trained on publicly available recordings does not alter the calculus. In *Midler*, the impersonator studied Midler's voice and deliberately mimicked it; that did not bring the claim within the ambit of section 3344. 849 F.2d at 463. Moreover, in 2025, the Legislature considered, but ***declined to enact***, an amendment to section 3344 specifying that "a voice or likeness includes a ***digital replica***." S.B. 683, 2025-2026 Reg. Sess. (Cal. 2025) (emphasis added).[3] The Legislature's

---

[3] The Legislature amended the parallel statute for deceased persons, section 3344.1, to expressly *include* digital replicas, while leaving section 3344 unchanged. *See* Cal. Civ. Code § 3344.1.

8

4117537

decision not to amend section 3344 confirms that digital replicas are not actionable under it. *See In re Town & Country Home Nursing Servs., Inc.*, 963 F.2d 1146, 1151 (9th Cir. 1991).

Greene also does not allege use of his name, photograph, signature, or visual likeness—the only other protectable attributes under the statute. *Midler,* 849 F.2d at 463. Therefore, section 3344 does not apply as a matter of law.

***Second***, the Complaint fails to plead the required "direct connection" between the alleged use and a commercial purpose. The mere fact that material is commercially sponsored or contains paid advertising is insufficient to demonstrate a "direct[] connect[ion]." Cal. Civ. Code. § 3344(e). Rather, the alleged use must be a "substantial factor" in driving sales. *Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 43 Cal. App. 3d 880, 882–83, 895 (1974) (emphasis added) (sustaining demurrer to a section 3344 claim because plaintiff failed to allege facts showing use of identity was a "substantial factor" in sales). Here, Greene offers only conclusory allegations that *NotebookLM*'s AI voices (both the male ***and*** female voices) "drive adoption" and "creat[e] a direct commercial connection." Compl., Count 1 ¶ 3. Those legal conclusions are not entitled to the presumption of truth under *Twombly* and *Iqbal*. In any event, the Complaint's factual allegations contradict this theory. It alleges that *NotebookLM*'s commercial success derives from its ability to function as an AI-powered research tool—not because of the specific AI voices available on the platform. *See, e.g.,* Compl. ¶¶ 5, 37. Greene's section 3344 claim should be dismissed.

**2.     The Complaint fails to state a claim for common law right of publicity.**

To state a common law publicity claim, a plaintiff must plausibly allege (1) the defendant's use of the plaintiff's identity; (2) appropriation to the defendant's advantage, commercial or otherwise; (3) lack of consent; and (4) resulting injury. *Cohen v. Facebook, Inc.*, 798 F. Supp. 2d 1090, 1093–94 (N.D. Cal. 2011) (citation omitted).

**a.     The Complaint fails to allege use of Greene's identity.**

Where a publicity claim is based on voice appropriation, the plaintiff must plead facts showing his voice is "distinctive" and "widely known." *Midler*, 849 F.2d at 463. He must also show that the imitation was so exact that members of the public "familiar with [the] plaintiff's

9

4117537

voice . . . believed [the] plaintiff performed it." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1101 (9th Cir. 1992). The Complaint fails on all three fronts.

***First***, the Complaint does not plead facts showing that Greene's voice is "distinctive"—*i.e.*, "distinguishable from the voices of other[s]" based on "particular qualities or characteristics that identify it with a particular [individual]." *Waits*, 978 F.2d at 1101. It offers only conclusory references to "vocal qualities, cadence, tone, pitch, and expressive style," Compl. ¶ 65, and filler words like "uhms, "aahs," and "other human-sounding crutch words," *id.* ¶ 62—features common to countless broadcasters. Courts routinely dismiss publicity claims where the alleged identifying traits are generic or non-unique. *See, e.g., Young*, 2019 WL 4169889, at *4; *Johnson v. Amazon.com Inc.*, 2025 WL 949495, at *3 (W.D. Wash. Mar. 27, 2025). In fact, the Complaint implicitly concedes that Greene's voice is not distinctive, comparing the *NotebookLM* voice to that of "your ***typical NPR explainer***." Compl. ¶ 62 (emphasis added). General vocal archetypes are not distinctive.

***Second***, Greene has not adequately pleaded that his *voice* is "widely known." *Midler*, 849 F.2d at 463. While Greene identifies himself as a well-known podcaster, *see* Compl. ¶ 2, that conflates alleged celebrity with ***his voice*** being widely known. *See Midler*, 849 F.2d at 463 (requiring "a distinctive voice . . . [that] is widely known"); *Waits*, 978 F.2d at 1102 (a voice is "widely known if it is known to a large number of people through a relatively large geographic area").[4]

***Third***, Greene does not plausibly allege listeners believe he performed the *NotebookLM* outputs. *See Waits*, 978 F.2d at 1101. At most, he alleges that three people (one of whom worked with Greene at NPR and is a poor stand-in for a member of the public) said the voice sounded like him. *See* Compl. ¶ 63; *id.*, Ex. 1. Listeners being "reminded of" Greene is insufficient; those familiar with his voice must believe he performed the outputs. *Waits*, 978 F.2d at 1101.

---

[4] While the Complaint contains a conclusory allegation that Greene has "one of the most well known" voices "of his time," Compl. ¶ 3, it alleges that the *NotebookLM* voice sounds "typical." *Id.* ¶ 62. A voice that resembles a generic public-radio cadence is not plausibly identifiable as Greene. *See Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 873 (N.D. Cal. 2023) (dismissing publicity claims as implausible in light of contradictory allegations).

10

DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 3:26-cv-01773-CRB

4117537

*Finally*, Greene's purported forensic analysis does not save his claim; it reflects only "a confidence of 53–60% that [Greene's] voice was used to train the Google AI model." Compl. Ex. 2. A "confidence" rating that shows, at best, moderate similarity, does not plausibly establish that *NotebookLM*'s output is so exact that listeners believe it is Greene. *Waits*, 978 F.2d at 1101.[5]

### b.    The Complaint fails to plausibly allege Google benefited.

Greene must also plausibly allege that use of his likeness directly benefited Google. *See Harvey v. Netflix, Inc.*, 2024 WL 4536639, at *13 (C.D. Cal. Sept. 27, 2024), *appeal filed*, No. 24-6151 (9th Cir. Oct. 9, 2024); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 693 (9th Cir. 1998). While Greene alleges in conclusory terms that Google exploited his "goodwill and appeal," Compl. ¶ 4, those assertions do not suffice under *Twombly* and *Iqbal*. In any event, the Complaint undercuts that assertion by identifying only three people who believed the *NotebookLM* voice sounded like Greene, conceding that Google never identified the voice as Greene's, and alleging that the *NotebookLM* voice sounds generic. *Id.* ¶¶ 61–62. Absent identifiability, it is implausible that Google appropriated Greene's identity to its commercial advantage. *See Midler*, 849 F.2d at 463; *Cross v. Facebook*, 14 Cal. App. 5th 190, 211 (2017). Moreover, the Complaint alleges that *NotebookLM* received "an avalanche of public attention and glowing media coverage" for its technological capabilities, *id.* ¶¶ 5, 37—not because of resemblance to Greene.

### c.    The Complaint fails to allege resulting injury.

Greene does not plead that he suffered a "resulting injury"—"the *sine qua non*" of "misappropriation." *Slivinsky v. Watkins–Johnson Co.*, 221 Cal. App. 3d 799, 807 (1990); *see also Waits*, 978 F.2d at 1103; *Abdul-Jabbar*, 85 F.3d at 416. Here, the Complaint fails to plead any actual injury, economic or otherwise. Instead, it offers only speculative assertions of "interference with prospective economic advantage" and "diminution of the market for [Greene's]

---

[5] The "forensic" analysis is separately suspect because Greene failed to disclose how it was conducted or what audio files were compared. *See* Compl. ¶ 59. And the "control variables" used are cherry-picked to the point of parody: the comparators are individuals with demographic backgrounds and voices that indisputably sound nothing like Greene or the *NotebookLM* voice. *See* Declaration of Michelle Ybarra in support of Defendants' Motion to Dismiss, Exs. A-F (providing biographical information for Greene's comparator individuals).

11

4117537

services." Compl., Count 3 ¶ 3. "Speculative allegations concerning actual disruption and economic harm are insufficient to state a claim." *Upper Deck Co. v. Panini Am., Inc.*, 469 F. Supp. 3d 963, 982–83 (S.D. Cal. 2020). The Complaint identifies no *actual* lost contracts, declined licensing opportunities, lost listeners, or substitution of *NotebookLM* outputs for his work. Indeed, Greene fails to allege that he has **ever** entered an agreement or received an offer to license his voice, much less lost an opportunity as a result of Google's conduct. Likewise, Greene's allegation that he delayed launching two projects does not demonstrate injury, particularly where he launched the projects, showing that *NotebookLM* was no impediment. *See* Compl. ¶ 67. His common law publicity claim should be dismissed.

### 3. The Complaint fails to state a claim for relief under the UCL.

#### a. Greene lacks UCL standing.

A UCL plaintiff must plead that he "lost money or property as a result of the unfair competition." *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1013 (N.D. Cal. 2013); *see also Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1035 (N.D. Cal. 2017). Greene has not done so. He alleges only that he "has suffered an economic harm relating to the loss of future licensing opportunities." Compl. ¶ 69. That is a conclusory assertion of hypothetical future revenue; speculative or hypothetical injury does not satisfy the UCL's economic-loss requirement. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 853 (2008), *as modified* (Jan. 28, 2008); *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 252 (2010). Nor does the Complaint allege causation. Beyond the bare assertion that his purported loss occurred "[a]s a result of Google's actions," Compl. ¶ 69, Greene identifies no lost contract, client, or concrete business opportunity tied to Google's conduct, as the UCL requires. *See McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1050 (C.D. Cal. 2014).

#### b. The Complaint fails to plead the elements of a UCL violation.

Each of the UCL's unlawful, unfair and fraudulent prongs is a distinct theory of liability. *See Birdsong*, 590 F.3d at 959. Greene fails to state a claim under any of them.

***Unlawful.*** "To be unlawful under the UCL, the [defendant's conduct] must violate another borrowed law." *Davis v. HSBC Bank Nev, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012)

4117537

(citation omitted). "If a plaintiff cannot state a claim under the predicate law . . . the UCL claim also fails." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017). Because Greene's UCL unlawful claim is premised on his defective publicity claims, *see supra* at 8–11, his derivative unlawful claim fails, as well.

*Unfair.* Greene pleads the unfair prong as a competitor of Google's. Compl. ¶ 67. Where a competitor asserts a claim under the UCL's unfair prong, he must plead "conduct that threatens an incipient violation of an antitrust law, or . . . otherwise significantly threatens or harms competition." *Davis,* 691 F.3d at 1170. Greene does neither. He identifies no legislatively-declared policy allegedly violated by Google's conduct and alleges no facts showing an actual or threatened impact on competition. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136 (9th Cir. 2014).[6] His claim under the unfair prong fails.

*Fraudulent.* Under the fraudulent prong, Greene "must plead (1) misrepresentation or omission, (2) reliance, and (3) damages, all with the particularity required by Rule 9(b)." *Boyd v. SunButter, LLC*, 762 F. Supp. 3d 931, 941 (C.D. Cal. 2025), *adopted*, 2025 WL 84700 (C.D. Cal. Jan. 13, 2025). He does not do so. The Complaint alleges that Google misled consumers by failing to disclose the *NotebookLM* voice was engineered to resemble Greene. *See* Compl., Count Two ¶ 11. An omission is actionable only where the defendant had a duty to disclose. *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018). The Complaint alleges no such duty (nor is there one). Greene's UCL claim should be dismissed.

### 4.    The Complaint fails to state a claim for unjust enrichment.

"California does not recognize a separate cause of action for unjust enrichment." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020). Courts may construe such claims as quasi-contract claims seeking restitution where the plaintiff plausibly alleges: "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1253 (N.D. Cal. 2017). Greene does neither.

*First*, the Complaint does not plausibly allege that Google received a cognizable benefit

---

[6] At most, Greene alleges that his ability to compete with *NotebookLM* has been harmed. But "[h]arm to a competitor is not the same as harm to competition." *ProconGPS, Inc. v. Star Sensor LLC*, 2011 WL 5975271, at *3 (N.D. Cal. Nov. 29, 2011).

13

4117537

from Greene. Instead, it conclusorily asserts that Google "appropriat[ed] and exploit[ed] the commercial value" of Greene's "distinctive voice and persona to develop . . . and sell *NotebookLM*[.]" Compl., Count Four ¶ 2. But the Complaint fails to plausibly allege that his voice is distinctive, *see supra* at 10, and it concedes that Google never identified the *NotebookLM* voice as his. *See supra* at 4–5. Likewise, the Complaint attributes *NotebookLM*'s commercial success to its "breakthrough" technology—not to value derived from Greene's identity. Compl. ¶¶ 5, 37.

**Second**, the Complaint fails to allege facts showing that Google's retention of any such benefit would be unjust. *See Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023). Instead, the quasi-contract claim repackages the same deficient allegations underlying Greene's publicity and UCL claims. Accordingly, the quasi-contract claim fails, as well.

### 5. The Complaint fails to dispel alternative, innocuous explanations.

As to all claims, Greene fails to dispel a more reasonable explanation: two voices—particularly, as here, in the context of radio/podcast vocal archetypes—may sound similar, and the use of filler words is hardly unique. *See supra* at 6, 10. "When faced with two possible explanations, . . . plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.,* 729 F.3d at 1108 (cleaned up). Greene's cursory allegations of generic vocal similarities are insufficient "to exclude the possibility that the alternative explanation is true." *Id.* (dismissal appropriate unless "something more" is alleged). A right-of-publicity claim does not arise any time two voices sound vaguely similar.

### C. Alphabet Inc. is not a proper defendant.

It is axiomatic that a parent is not liable for the acts of its subsidiaries. *See U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998). The only allegation directed at Alphabet is that Defendants "operated as a single, unified entity." Compl. ¶ 30. That is insufficient. *See Lancaster v. Alphabet Inc.*, 2016 WL 3648608, at *7 (N.D. Cal. July 8, 2016) (dismissing Alphabet); *In re Google Generative AI Copy. Litig.*, 2025 WL 2624885, at *10 (N.D. Cal. Sept. 11, 2025) (same).

14

4117537

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion should be granted.


Dated:  April 24, 2026                                         KEKER, VAN NEST & PETERS LLP


                                                        By:    /s/ Michelle Ybarra
                                                               MICHELLE YBARRA
                                                               SARAH SALOMON
                                                               SANA A. SINGH
                                                               ELEANOR F. BROCK
                                                               YEGINA WHANG

                                                               Attorneys for Defendants
                                                               GOOGLE LLC and ALPHABET INC.

4117537