KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
SARAH SALOMON - # 308770
ssalomon@keker.com
SANA A. SINGH - # 342614
ssingh@keker.com
ELEANOR F. BROCK - # 346681
ebrock@keker.com
YEGINA WHANG - # 350287
ywhang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID L. GREENE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>　　　　　Defendants. | Case No. 3:26-cv-01773-CRB<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　　June 12, 2026<br>Time:　　　10:00 a.m.<br>Dept:　　　Courtroom 6 – 17th Floor<br>Judge:　　　Hon. Charles R. Breyer<br><br>Complaint Filed:　　January 23, 2026<br><br>Action Removed:　　March 2, 2026<br><br>Trial Date:  None Set |

6033117

## I.    INTRODUCTION

Plaintiff David L. Greene ("Greene") alleges that Defendant Google LLC ("Google") unlawfully used "stolen copies" of his voice to train Google's artificial intelligence ("AI") product, *NotebookLM*, in violation of California law. *See* ECF No. 1-3 (Compl.) ¶ 1. In support of his claims, Greene relies on a "forensic" analysis that "indicated a confidence rating of 53-60% . . . that Mr. Greene's voice was used to train" *NotebookLM*. *Id.* ¶ 59. The forensic analysis also compared the *NotebookLM* voice with the voices of other NPR hosts—specifically, Gene Demby, A. Martinez, Adrian Ma, Darian Woods, B.A. Parker, and Ayesha Roscoe (the "Comparators")—and found "little to no similarity" between the voices. *Id.*

Defendants Google and Alphabet Inc. (collectively, "Defendants") have moved to dismiss the Complaint on complete preemption grounds and for failure to state a claim. In support of their motion to dismiss, Defendants respectfully request that the Court consider several websites that are subject to judicial notice for the reasons stated below.

## II.    LEGAL STANDARD

Federal Rule of Evidence 201(b) governs the taking of judicial notice in the motion-to-dismiss context, permitting judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021). A fact is "not subject to reasonable dispute" if it is (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. at 201(b)(1)–(2); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The Ninth Circuit and courts in this District recognize that, "as a general matter, websites and their contents may be proper subjects for judicial notice" if the party requesting notice provides the court with a copy of the specific webpage. *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Garcia v. E.L. Heritage Inn of Sacramento, LLC*, 2022 WL 3359175, at *1 (9th Cir. 2022) (taking judicial notice of private hotel website); *Al-Ahmed v. Twitter, Inc.*, 603 F.Supp.3d 857, 869 (N.D. Cal. 2022) ("publicly accessible websites" are

6033117

"properly subject to judicial notice"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of webpages); *Kinderstart.com, LLC v. Google, Inc.*, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of a webpage printout).

## III.    DOCUMENTS SUBJECT TO THIS REQUEST

Attached to the Declaration of Michelle Ybarra filed concurrently herewith ("Ybarra Decl.") are true and correct copies of the following documents:

**Exhibit A: The NPR profile for Gene Demby**, available at https://www.npr.org/people/182264497/gene-demby. In his Complaint, Greene relies on a comparison between the *NotebookLM* voice and Mr. Demby's voice.

**Exhibit B: The Columbia Journalism Review article**, "Journalism's Bad Reflection," from November 9, 2018, available at https://www.cjr.org/special_report/10-newsrooms-racial-disparity.php. In his Complaint, Greene relies on a comparison between the *NotebookLM* voice and the voice of one of the journalists interviewed in this article, A. Martinez.

**Exhibit C: The Hyattsville Wire article**, "NPR's Newest Podcast Host, Grew Up in Hyattsville," from October 23, 2022, available at https://hyattsvillewire.com/2022/10/23/adrian-ma-npr-hyattsville/. In his Complaint, Greene relies on a comparison between the *NotebookLM* voice and the voice of the podcaster profiled in this article, Adrian Ma.

**Exhibit D: The Indicator from Planet Money podcast**, "The Lucky Country," from November 15, 2018, available at https://www.npr.org/transcripts/668389682. In his Complaint, Greene relies on a comparison between the *NotebookLM* voice and the voice of the guest on this episode of The Indicator podcast, Darian Woods.

**Exhibit E: The WNYC profile for B.A. Parker**, available at https://www.wnyc.org/people/ba-parker/. In his Complaint, Greene relies on a comparison between the *NotebookLM* voice and Ms. Parker's voice.

**Exhibit F: The NPR article**, "Faces of NPR HBCU Edition: Ayesha Rascoe," from February 24, 2022, available at https://www.npr.org/sections/npr-extra/2022/02/24/1082788000/faces-of-npr-hbcu-edition-ayesha-rascoe. In his Complaint, Greene

6033117

relies on a comparison between the *NotebookLM* voice and the voice of the radio host profiled in this article, Ayesha Rascoe.

## IV.   ARGUMENT

Exhibits A–F are judicially noticeable as publicly available articles and webpages and are not subject to reasonable dispute.[1] *See* Fed. R. Evid. 201(b). "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit."). For that reason, courts in this District regularly take judicial notice of publicly-available articles and websites, in addition to their contents. *See, e.g.*, *Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *Karasek v. Regents of Univ. of Cal.*, 2018 WL 1763289, at *1 n.1 (N.D. Cal. Apr. 12, 2018) (permitting judicial notice of documents because they were "not subject to reasonable dispute" and "provide[d] some context to [the plaintiff's] claims)." Here, Defendants seek judicial notice of a narrow category of information: the Comparators' self-reported demographic information. This information and the fact that these statements exist in the public realm are not subject to reasonable dispute. Exhibits A–F are thus judicially noticeable.

## V.   CONCLUSION

Defendants respectfully request that the Court grant their request to judicially notice and incorporate by reference the foregoing documents in support of their motion to dismiss.

//

//

---

[1] To the extent Greene asserts that the narrow category of information for which Defendants seek judicial notice is somehow subject to reasonable dispute, Defendants request that the Court take judicial notice of the fact that this demographic information was available and "in the public realm at the time" Greene filed his Complaint. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
Case No. 3:26-cv-01773-CRB

6033117

Dated: April 24, 2026                                        KEKER, VAN NEST & PETERS LLP

                                            By:    /s/ Michelle Ybarra
                                                   MICHELLE YBARRA
                                                   SARAH SALOMON
                                                   SANA A. SINGH
                                                   ELEANOR F. BROCK
                                                   YEGINA WHANG

                                                   Attorneys for Defendants
                                                   GOOGLE LLC and ALPHABET INC.

4

6033117