**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (Bar No. 236165)
mmao@bsfllp.com
Joshua Michelangelo Stein (Bar No. 298856)
jstein@bsfllp.com
Jake A. Glendenning, (Bar No. 345463)
jglendenning@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. GREENE<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC, and ALPHABET INC.,<br><br>　　　　　Defendants. | Case No. 3:26-cv-01773-CRB<br><br>**PLAINTIFF DAVID L. GREENE'S MOTION TO REMAND**<br><br>Date:　　　　June 12, 2026<br>Time:　　　　10:00 a.m.<br>Dept:　　　　Courtroom 6 – 17th Floor<br>Judge:　　　 Hon. Charles R. Breyer<br><br>Complaint Filed:　　　January 23, 2026<br><br>Action Removed:　　　March 2, 2026<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S MOTION TO REMAND; CASE NO. 3:26-cv-01773-CRB

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(B), and 1447(c), Plaintiff David L. Greene hereby moves before the Honorable Charles R. Breyer on June 12, 2026, at 10:00 a.m., or as soon thereafter as the parties may be heard, for an Order remanding this matter to the Superior Court of the State of California, County of Santa Clara, from the United States Court for the Northern District of California. This Motion is based on the following documents: (1) this Notice of Motion; (2) the accompanying Memorandum of Points and Authorities; (3) Request for Judicial Notice and exhibits attached thereto filed on April 29, 2026; and (4) any oral arguments to be made at the hearing on this Motion; and all the other papers, documents, or exhibits on file or to be filed in this action.

Dated: April 29, 2026                    Respectfully Submitted,

                                         **BOIES SCHILLER FLEXNER LLP**

                                         */s/ Joshua Stein*
                                         Joshua Michelangelo Stein

                                         Mark C. Mao, CA Bar No. 236165
                                         mmao@bsfllp.com
                                         Joshua Michelangelo Stein, CA Bar No.298856
                                         jstein@bsfllp.com
                                         **BOIES SCHILLER FLEXNER LLP**
                                          44 Montgomery St., 41st Floor
                                         San Francisco, CA 94104
                                         Tel.: (415) 293-6800
                                         Fax: (415) 293-6899

                                         *Attorneys for Plaintiff*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD............................................................................................ 1

III.    ARGUMENT ........................................................................................................ 3

        A.      Defendants failed to establish federal jurisdiction
                because Mr. Greene's claims are not preempted by Copyright. ........................... 3

                1.      Mr. Greene's voice, likeness, and identity
                        do not fall within the subject matter of copyright. ................................... 4

                2.      Mr. Greene's claims require extra elements
                        that defeat Complete Preemption............................................................. 10

                        a.      Right of Publicity claims require identity-based
                                appropriation not present in copyright law ................................ 10

                        b.      Mr. Greene's Unfair Competition claim stems
                                from practices not covered by copyright law.............................. 11

                        c.      Mr. Greene's Quasi-contract/unjust enrichment
                                claim stems from non-copyright benefits. ................................. 12

        B.      The Court should remand based on Mr. Greene's pleadings
                alone without reaching preemption analysis....................................................... 12

IV.     CONCLUSION.................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*AJ Mgmt. Consulting, LLC v. MBC FZ-LLC*,
2014 WL 2878891 (N.D. Cal. June 24, 2014) ...................................................... 9

*Best Carpet Values, Inc. v. Google LLC*,
90 F.4th 962 (9th Cir. 2024) ................................................................................ 9

*Caterpillar, Inc. v. Williams*,
482 U.S. 386 (1987) ....................................................................................... 2, 14

*Cnty. of San Mateo v. Chevron Corp.*,
32 F.4th 733 (9th Cir. 2022) ................................................................................ 2

*Daniher v. Pixar Animation Studios*,
2022 WL 1470480 (N.D. Cal. May 10, 2022) ................................................. 7, 8

*Dead Kennedys v. Biafra*,
37 F. Supp. 2d 1151 (N.D. Cal. 1999) ............................................................... 13

*Downing v. Abercrombie & Fitch*,
265 F.3d 994 (9th Cir. 2001) ..................................................................... passim

*Faulk v. JELD-WEN, Inc.*,
159 F.4th 618 (9th Cir. 2025) ........................................................................... 14

*Firoozye v. Earthlink Network*,
153 F. Supp. 2d 1115 (N.D. Cal. 2001) ........................................................... 2, 7

*Fleet v. CBS, Inc.*,
50 Cal. App. 4th 1911 (1996) .............................................................................. 8

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ............................................................................... 2

*Grosso v. Miramax Film Corp.*,
383 F.3d 965 (9th Cir. 2004) ............................................................................. 10

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) ............................................................................. 1

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) ..................................................................... 2, 12

*JustMed, Inc. v. Byce*,
600 F.3d 1118 (9th Cir. 2010), ......................................................................... 7, 8

*KNB Enterprises v. Matthews*,
78 Cal.App.4th 362 (2000) ......................................................................... 5, 8, 9

*Kruso v. Int'l Tel. & Tel. Corp.*,
872 F.2d 1416 (9th Cir. 1989) ........................................................................... 14

ii

*Lehrman v. Lovo, Inc.*,
   790 F. Supp. 3d 348 (S.D.N.Y. 2025)...................................................................... 5

*Laws v. Sony Music Entm't, Inc.*,
   448 F.3d 1134 (9th Cir. 2006)....................................................................... 10, 11

*Lectrodryer v. Seoulbank*,
   77 Cal. App. 4th 723 (2000).................................................................................. 12

*Levy Prod. Grp., LLC v. R&R Partners, Inc.*,
   658 F. Supp. 3d 901 (D. Nev. 2023) ..................................................................... 2

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ............................................................................................... 5

*Maloney v. T3Media, Inc.*,
   853 F.3d 1004 (9th Cir. 2017)....................................................................... passim

*Midler v. Ford Motor Co.*,
   849 F.2d 460 (9th Cir. 1988)............................................................... 1, 4, 10, 12

*No Doubt v. Activision Publ'g, Inc.*,
   702 F. Supp. 2d 1139 (C.D. Cal. 2010)................................................... 2, 3, 5, 8

*O'Brien v. PopSugar Inc.*,
   2019 WL 462973 (N.D. Cal. Feb. 6, 2019)........................................... 3, 8, 11, 12

*Pizarro v. Aguilar*,
   2010 WL 11598015 (C.D. Cal. July 6, 2010) ................................................. 7, 8

*Penpower Tech. Ltd. v. S.P.C. Tech.*,
   627 F. Supp. 2d 1083 (N.D. Cal. 2008) ................................................................ 9

*Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*,
   29 Cal. App. 5th 230 (2018)................................................................................ 12

*Silicon Image, Inc. v. Analogix Semiconductor, Inc.*,
   2007 WL 1455903 (N.D. Cal. May 16, 2007) .................................................... 11

*Steel Co. v. Citizens for a Better Environ.*,
   523 U.S. 83 (1998) ................................................................................................. 1

*Waits v. Frito-Lay, Inc.*,
   978 F. 2d 1093, 1110 (9th Cir. 1992)............................................................. 4, 12

*White v. Samsung Electronics America, Inc.*,
   971 F.2d 1395 (9th Cir. 1992)........................................................................... 5, 6

Wimer v. Reach Out Worldwide, Inc.,
   2017 WL 5635461 (C.D. Cal. July 13, 2017) .................................................... 13

*Worth v. Universal Pictures, Inc.*,
   5 F. Supp. 2d 816 (C.D. Cal. 1997) ................................................................. 7, 8

iii

*Xerox Corp. v. Apple Computer, Inc.*,
    734 F. Supp. 1542 (N.D. Cal. 1990) ...................................................................................... 9

*Young v. Greystar Real Estate Partners*,
    2019 WL 4169889 (S.D. Cal. Sept. 3, 2019) ......................................................................... 9

Statutes

17 U.S.C. § 106 .............................................................................................................. 6, 11

17 U.S.C. §102 ............................................................................................................. 3, 4, 5

17 U.S.C. §103 ...................................................................................................................... 3

28 U.S.C. § 1331 ................................................................................................................... 2

28 U.S.C. § 1441 ................................................................................................................... 1

28 U.S.C.A. § 1447 ............................................................................................................... 2

California Business & Professions Code section 17200 ....................................................... 11

California Civil Code § 3344 ...................................................................................... passim

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Defendants Google LLC and Alphabet, Inc. removed this action solely on the theory that Plaintiff David Greene's causes of action under California law are completely preempted by the Copyright Act and therefore give rise to federal-question jurisdiction. *See* ECF No. 1 at ¶¶ 11–12. That is wrong. To remove on the basis of complete preemption, Defendants must show that (1) the plaintiff's asserted rights necessarily fall within the subject matter of copyright law, and (2) the relevant right is equivalent to the exclusive rights granted under federal copyright law. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 999 (9th Cir. 2001). Even with the benefit of Defendants' Motion to Dismiss briefing, it is clear Defendants can show neither. Mr. Greene's complaint facially asserts publicity rights misappropriation over his "voice and/or likeness on and in direct connection with the launch of NotebookLM," not any copyrighted work. ECF No. 1-3 ("Compl.") at 21. Cherry-picking stray mentions of copyrightable source material does not change that reality. And crediting Defendants' position notwithstanding would require the Court to set aside decades of Ninth Circuit precedent holding that publicity rights claims are not treated as copyright claims even if the relevant likeness can be captured in copyrightable form. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017); *see also Midler v. Ford Motor Co.*, 849 F.2d 460, 462–63 (9th Cir. 1988) ("A voice is not copyrightable. . . . What is put forward as protectible here is more personal than any work of authorship."). The Court should therefore grant Mr. Greene's motion to remand.

### II.     LEGAL STANDARD

Federal courts have limited jurisdiction. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). As such, without "jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. §

1447(c).

There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "means that the defendant always has the burden of establishing that removal is proper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation and internal quotation marks omitted). The "court resolves all ambiguity in favor of remand to state court." *Id*.

Defendants premise their removal on federal question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). An "exception to the well-pleaded complaint rule" is the "complete preemption" doctrine, on which Defendants rely here. *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022); ECF. No. 1 ¶¶ 7, 11. "Under this doctrine, a federal statute's preemptive force is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (internal quotations removed). This Court has previously held that the "Copyright Act completely preempts state-law claims within the scope of section 301." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1123 (N.D. Cal. 2001).[1]

To determine whether "Complete Preemption" applies to putative copyright claims, courts in the Ninth Circuit borrow the two-part test detailed below to assess whether copyright claims are preempted. *See, e.g.*, *id.* at 1123–24; *No Doubt v. Activision Publ'g, Inc.*, 702 F. Supp. 2d 1139, 1142 (C.D. Cal. 2010).

---

[1] "[N]either the Supreme Court nor the Ninth Circuit has addressed the issue" and the Supreme Court has only applied the complete preemption doctrine to "three statutes thus far." *Levy Prod. Grp., LLC v. R&R Partners, Inc.*, 658 F. Supp. 3d 901, 907 (D. Nev. 2023).

2

## III.    ARGUMENT

### A. Defendants failed to establish federal jurisdiction because Mr. Greene's claims are not preempted by Copyright.

Courts routinely find that the Copyright Act does not preempt publicity right claims like Mr. Greene's. *See, e.g.*, *Downing*, 265 F.3d at 1003–05; *No Doubt*, 702 F. Supp. 2d at 1145 (finding no complete preemption). Although courts have found that publicity right claims can, in some rare cases, be preempted by the Copyright Act, such is only the case when a publicity right claim alleges non-consensual use of a copyrighted work itself, rather than the unauthorized use of one's voice, likeness, or identity embodied in a copyrighted work.[2]

Here, the Court's analysis can be distilled down to the following: The Ninth Circuit holds that a "publicity-right claim is not preempted when it targets non-consensual *use* of one's name or likeness . . . ." *Maloney*, 853 F.3d at 1011 (emphasis in original). Because Mr. Greene "allege[s] an unlawful use of [his] likeness[] by Defendants, and further allege[s] the misappropriation of non-[copyrightable] elements of [his] likeness[] and identit[y], [Mr. Greene has] asserted rights that are not equivalent to the rights of copyright holders. Therefore, the subject matter of [Mr. Greene's] right of publicity claim does not fall within the subject matter of the Copyright Act." *O'Brien v. PopSugar Inc.*, No. 18-CV-04405-HSG, 2019 WL 462973, at *3 (N.D. Cal. Feb. 6, 2019) (citing *Downing*, 265 F.3d at 1004–05).[3]

"In order for preemption to occur under the federal Copyright Act, two conditions must be satisfied. First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under state law

---

[2] Mr. Greene claims publicity rights over his voice and likeness as distinct rights under Civil Code section 3344. *See* California Civil Code § 3344 ("Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, ... for purposes of advertising or selling, ... without such person's prior consent ... shall be liable for any damages sustained by the person or persons injured as a result thereof.")

[3] The Complaint provides abundant examples of allegations of misappropriation of non-copyrightable elements of Mr. Greene's voice, likeness, and identity. *See, e.g.*, Compl. ¶ 3 ("Google freely profits from the reputation and personality Mr. Greene built over his lifetime"); ¶ 8 ("Media personalities are typically and consistently paid a negotiated amount for the use of their voices. The negotiated amount is a function of the actor's name, brand value"); ¶ 65 ("regardless of the precise technical means used, Google deliberately made "Charlie" to sound so substantially similar to Mr. Greene's voice that ordinary listeners reasonably believed the voice to be Mr. Greene's").

3

must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." *Downing*, 265 F.3d at 1003 (9th Cir. 2001).

### 1. Mr. Greene's voice, likeness, and identity do not fall within the subject matter of copyright.

This action concerns the misappropriation of Mr. Greene's voice, likeness, and identity to sell and promote Defendants' AI products. Copyright law protects "original works of authorship fixed in any tangible medium of expression," 17 U.S.C. § 102(a), and a person's voice is not a work of authorship protected by the Copyright Act. *Midler*, 849 F.2d at 462 ("A voice is not copyrightable."). This is because the sounds are not "fixed," as required by copyright law. *Id.* It is also because the voice is "more personal than any work of authorship." *Id.* Defendants have conceded that copyright is not at issue. Their spokesperson stated publicly that the "sound of the male voice" that Mr. Greene alleges misappropriates his own is "based on a paid professional actor Google hired," as opposed to copyrightable recordings of Mr. Greene. ECF. No. 15-3 at 5; Exhibit A to accompanying Request for Judicial Notice.[4]

Mr. Greene's allegations are about the misappropriation of his voice, likeness, and identity, which is a separate legal interest from copyright. Compl. at ¶¶ 1, 3, 6, 8, 10, 11, 16–20, 21, 35, 40, 42, 50, 51, 52, 54–69, 70–71. The Ninth Circuit has repeatedly affirmed the difference between publicity rights and copyright. In *Midler*, the court held that a claim based on the deliberate imitation of a distinctive voice for commercial purposes is not preempted by federal copyright law because "a voice is not copyrightable," and what is protected is "more personal than any work of authorship." 849 F.2d at 462–63. The court reaffirmed that principle in *Waits v. Frito-Lay, Inc.*, explaining that a voice misappropriation claim challenges the commercial exploitation of identity, and "not for infringement of a copyrightable subject such as sound recording or musical composition." 978 F.2d 1093, 1110 (9th Cir. 1992), *abrogated*

---

[4] Mr. Greene's counsel also clarified multiple times to Defendants' counsel that Mr. Greene is not asserting a copyright claim. They provided Ninth Circuit authority supporting his position, and even offered to stipulate with Defendants that he does not pursue copyright claims, but Defendants did not accept. *See* ECF 15-1 ¶ 3; E CF 15-9 at 2, 4.

4

*on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

The Ninth Circuit has similarly held that the Copyright Act does not preempt California Civil Code section 3344 claims. In *Downing*, plaintiffs alleged that the defendant's use of their photographs in a marketing campaign violated their publicity rights under common law and California Civil Code section 3344. 265 F.3d at 1001. The court held that plaintiffs' claims were not preempted because "it is not the publication of the photograph itself, as a creative work of authorship, that is the basis for Appellants' claims, but rather, it is the use of the Appellants' likenesses." *Id.* at 1003. The court explained that a "person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102. This is true notwithstanding the fact that Appellants' names and likenesses are embodied in a copyrightable photograph." *Id.* at 1004. This decision closely tracks the California Court of Appeal, which held that "because a human likeness is not copyrightable, even if captured in a copyrighted photograph, the [plaintiff's] section 3344 claims . . . are not the equivalent of a copyright infringement claim and are not preempted by federal copyright law." *KNB Enterprises v. Matthews*, 78 Cal.App.4th 362, 365 (2000). This authority demonstrates that "complete preemption" does not apply to Mr. Greene's publicity rights claims. *See No Doubt*, 702 F. Supp. 2d at 1142, 1145 (finding no "complete preemption" because "[n]ame, likeness, and persona are not copyrightable subject matter [and] not a work of 'authorship' entitled to copyright protection.").

Further, the use of "AI" in NotebookLM makes no difference to the right of publicity analysis. Courts have long held that publicity rights turn on the unauthorized appropriation of a person's identity, and not on the particular technology used to accomplish it. *See White v. Samsung Electronics America, Inc.*, 971 F.2d 1395, 1397-99 (9th Cir. 1992) ("The right of publicity does not require that appropriations of identity be accomplished through particular means to be actionable.") Recently, in *Lehrman v. Lovo, Inc.*, the plaintiffs alleged that the defendant used their voices without their permission to build AI software that synthesizes copies of their voices for podcast narration. 790 F. Supp. 3d 348, 357 (S.D.N.Y. 2025). The court held that plaintiffs sufficiently pled a claim under New York's version of section 3344,

5

reasoning that, "construing the . . . Law to exclude digital clones would frustrate the statutory purpose, and, for all practical purposes, enable commercial entities to appropriate individuals' identities without restraint." *Id.* at 381-82. The court also emphasized that "allowing such appropriation by means of AI might be even more pernicious, because, allegedly, a functioning voice clone capable of saying anything, forever, can be created using a small snippet of original audio." *Id.* at 382. That conclusion follows directly from longstanding Ninth Circuit precedent establishing that mechanical reproductions can still infringe publicity rights—in *White.*, the Ninth Circuit noted that "a robot with mechanical features, and not, for example, a manikin molded to [Plaintiff's] precise features" still infringed on Plaintiff's publicity rights on summary judgment. 971 F.2d at 1397–99. In today's landscape, AI is simply the newest, and perhaps the most powerful, mechanism for the same impermissible appropriation.

In sum, courts have repeatedly and consistently held that "when the 'use' of a likeness forms the 'basis' of a publicity-right claim, the claim is not preempted" even when "names and likenesses are embodied in a copyrightable" form. *Maloney*, 853 F.3d at 1012 (citing *Downing*, 265 F.3d at 1000, 1004).

Because the Complaint references recordings and audio outputs in passing, Defendants argue that the Copyright Act completely preempts Mr. Greene's claims. Yet, Mr. Greene in no way alleges infringement of the reproduction, distribution, or other rights under 17 U.S.C. § 106. The alleged harm arises instead from Defendants' commercial use of Mr. Greene's voice, identity, and likeness. Mr. Greene specifically alleges that without "his consent," Defendants "sought to replicate Mr. Greene's distinctive voice—a voice made iconic over decades of decorated radio and public commentary—to create synthetic audio products that mimic his delivery, cadence, and persona." Compl. ¶ 3. Mr. Greene alleges Defendants' product, "NotebookLM allows [] users to create podcasts with Mr. Greene's voice, manner of delivery, and personality." *Id.* ¶ 4. A plain reading of the complaint reveals that Mr. Greene's focus is on "Google's theft of Mr. Greene's voice," *Id.* ¶ 8, and his related "name, image, and likeness." *See id.* ¶¶ 16, 19, 21, 51, 67, 69.

Defendants incorrectly assert that Plaintiff's claims concern rights covered by the

6

Copyright Act, and that Mr. Greene's claims equate to the "alleged unauthorized use, copying, duplication, reproduction, performance, display, and distribution of sound recordings of Mr. Greene's voice." ECF No. 1 at ¶¶ 4–5. For support, they cite Mr. Greene's claim that "Google took, copied, or otherwise imitated recordings of Mr. Greene's distinctive, marketable, and widely recognizable voice and used data it obtained from doing so to train NotebookLM." *Id.* at ¶ 5 (internal quotations omitted). A plain reading of this sentence reveals that this claim does not use "copy" in the context of the Copyright Act, but as a synonym for the words immediately surrounding it in the same sentence, "took" and "imitated," to support the broader claim that Defendants appropriated Plaintiff's "*widely recognizable voice.*" *Id.* (citing Compl. ¶ 65). Voices are not copyrightable, nor is "editorial style," "journalistic voice," "creative expression," or "show formats," which Defendants also cite to argue that Mr. Greene somehow raises a copyright claim. *Id.* When read in context, these terms refer to the "'work' that is the subject matter of the right of publicity[;] the persona, i.e., the name and likeness of a celebrity or other individual" and not the "'work of authorship' under the [Copyright] Act." *Downing*, 265 F.3d at 1003 (quoting 1 Nimmer on Copyright § 1.01[B][1][c] at 1–23 (1999)).

Defendants cite five cases in their notice of removal, arguing that Mr. Greene's claims "intrude[] on the field of copyright."[5] None of these cases involves facts analogous to those presented here. At the outset, none of these cases even analyze whether publicity rights are preempted by the Copyright Act. The plaintiffs in *Firoozye* and *JustMed* were former employees or contractors who assisted in developing the very works at issue, giving rise to copyright ownership disputes that the Copyright Act directly addresses. *Firoozye*, 153 F. Supp. 2d at 1118; *JustMed, Inc.*, 600 F.3d at 1121. The plaintiffs in *Pizarro*, *Worth*, and *Daniher* had previously contracted, licensed, negotiated to license, or registered their copyrighted works, raising ownership and distribution disputes that are also clearly governed by the Copyright Act.

---

[5] Defendants cite *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115 (N.D. Cal. 2001), *Pizarro v. Aguilar*, No. CV 10-2252-GHK (SSx), 2010 WL 11598015 (C.D. Cal. July 6, 2010), *JustMed, Inc. v. Byce*, 600 F.3d 1118 (9th Cir. 2010), *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816 (C.D. Cal. 1997), and *Daniher v. Pixar Animation Studios*, No. 22-cv-00372-BLF, 2022 WL 1470480 (N.D. Cal. May 10, 2022). *See* ECF No. 1 at ¶ 11.

*Pizarro*, 2010 WL 11598015, at *1; *Worth*, 5 F. Supp. 2d at 822; *Daniher*, 2022 WL 1470480, at *2. Mr. Greene does not make any such allegations. He alleges no preexisting contractual or licensing relationship over his voice to Defendants. Accordingly, his claims do not arise from any dispute over the ownership or distribution of a copyrighted work. Two cases with much more similar facts to this one are *No Doubt*, 702 F. Supp. 2d at 1147, and *O'Brien,* 2019 WL 462973, at *4, both of which found no complete preemption for the same publicity rights claims at issue here.

The cases Defendants cite in their Motion to Dismiss fare no better. *See* Dkt. 21 at 3–7. Defendants cite *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911 (1996), a case that the California Court of Appeal panel expressly "limit[ed] . . . to the unique facts of that case" four years later. *KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 365, 374 (2000). The Court of Appeal thoughtfully and methodically analyzed *Fleet*, ultimately holding on facts very similar to this case, "that because a human likeness is not copyrightable, even if captured in a copyrighted photograph, the [] section 3344 claims against the unauthorized publisher of their photographs are not the equivalent of a copyright infringement claim and are not preempted by federal copyright law." *Id.* at 365. It held that *Fleet* stands only for the "proposition that performers in a copyrighted film may not use their statutory right of publicity to prevent the *exclusive* copyright holder from distributing the film." *Id.* at 372. The Court of Appeal "distinguish[ed] this case from *Fleet*" because it did not involve plaintiffs "asserting a right of publicity claim against the exclusive copyright holder in an effort to halt the authorized distribution of their photographs." *Id.* Unlike *Fleet*, plaintiff in *KNB* "assert[ed] the [] statutory right of publicity claim to halt the *un*authorized display of the photographs." *Id.* at 373 (emphasis in original). Here, like in *KNB*, Mr. Greene does not allege that Defendants are the exclusive holders of any copyrights, but asserts publicity rights claims to halt the unauthorized use of his voice, likeness, and identity.

The court also noted *Fleet's* omission of important context from a respected treatise discussing copyright preemption of publicity rights. It held:

> *Fleet* failed to mention, however, Nimmer's caveat that right of publicity claims generally are not preempted by the Copyright Act. According to Nimmer:

8

"Invasion of privacy may sometimes occur by acts of reproduction, distribution, performance, or display, but inasmuch as the essence of the tort does not lie in such acts, pre-emption should not apply. The same may be said of the right of publicity. [¶] ... A *persona* can hardly be said to constitute a 'writing' of an 'author' within the meaning of the Copyright Clause of the Constitution. *A fortiori,* it is not a 'work of authorship' under the Act. Such name and likeness do not become a work of authorship simply because they are embodied in a copyrightable work such as a photograph."

*KNB Enters. v. Matthews*, 78 Cal. App. 4th 362, 374 (2000) (quoting 1 Nimmer on Copyright, § 1.01[B][1][c], pp. 1–22—1–23).

Defendants' other cases are inapposite as well. *Young v. Greystar Real Estate Partners LLC* does not analyze preemption at all. *See* 2019 WL 4169889, at *4 (S.D. Cal. Sept. 3, 2019) (dismissing section 3344 claim because plaintiff "failed to plead enough facts."). That case also involved a single photograph in which the plaintiff was not visually identifiable. *Id.* at *2. Here, by contrast, Mr. Greene alleges the repeated generation of his recognizable voice and likeness, and that he is widely recognized by listeners. *See, e.g.* Compl. ¶ 3, 19, 58-63.

Defendants' other cases all deal with software disputes and make no mention of publicity rights whatsoever. *AJ Mgmt. Consulting, LLC v. MBC FZ-LLC* deals with unjust enrichment claims regarding unauthorized distribution of a "cloud-enabled digital story telling" application. 2014 WL 2878891, at *1, *6 (N.D. Cal. June 24, 2014). *Xerox Corp. v. Apple Computer, Inc.*, also involved no publicity claims, and instead dealt with a copyright ownership dispute between Xerox and Apple regarding computer programs. 734 F. Supp. 1542, 1543-44 (N.D. Cal. 1990). There, the UCL claim at issue was preempted because it rested on the same facts as a copyright infringement claim. *Id.* at 1550. The same is true of *Penpower Tech. Ltd. v. S.P.C. Tech.*, in which the UCL claim was based on the same facts as a copyright claim. 627 F. Supp. 2d 1083, 1091-92 (N.D. Cal. 2008). Finally, *Best Carpet Values, Inc. v. Google LLC* held that state law claims were preempted by the Copyright Act because "the manner that Plaintiffs' websites are displayed falls within the subject matter of federal copyright law." 90 F.4th 962, 971 (9th Cir. 2024). Importantly, all of these cases found that the software, applications, or websites at issue was the subject matter of copyright. Unlike the plaintiffs in Defendants' cases, the target of Defendants' unlawful conduct here is not a copyrighted work;

it was Plaintiff's identity, voice, and likeness, the product of decades of work in the broadcasting industry that belongs exclusively to him and that copyright law was never designed to protect.

### 2. Mr. Greene's claims require extra elements that defeat Complete Preemption

"To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Maloney*, 853 F.3d at 1019 (quoting *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2006). Here, too, the Ninth Circuit has already held that Mr. Greene's claims include extra elements that copyright law does not address. Each claim contains elements that "change[] the nature of the action." *Maloney*, 853 F.3d at 1019 (quoting *Laws*, 448 F.3d at 1143); *see also Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004), *opinion amended on denial of reh'g,* 400 F.3d 658 (9th Cir. 2005).

### a. Right of Publicity claims require identity-based appropriation not present in copyright law.

Right of publicity claims under both common law and California Civil Code section 3344 require proof that Defendants used Mr. Greene's voice, likeness, or identity for commercial purposes without consent. *See* Cal. Civ. Code §3344(a)(1); *Midler*, 849 F.2d at 462. Copyright law does not protect against identity misappropriation, which "is more personal than any work of authorship," *Midler*, 849 F.2d at 462, and so the requirement of identity-based appropriation is a paradigmatic extra element in right of publicity claims as compared to copyright claims.[6] The Ninth Circuit, in no uncertain terms, has ruled that in a case like this one, the "[extra element] requirement also is not met. Because the subject matter of the . . . statutory and common law right of publicity claims is their names and likenesses, which are not

---

[6] Importantly, courts focus not on whether causes of action generally contain extra elements, but whether the claim specifically pled in the complaint contains extra elements. For example, the Ninth Circuit noted in *Laws* that the "mere presence" of the additional element of "commercial use" in the plaintiff's section 3344 claim was not enough to "transform the nature of the action." *Laws*, 448 F.3d at 1144. The court's analysis focused on the fact that plaintiff's specific section 3344 claim was "part and parcel of a copyright claim" because it was "based on the premise that [Defendant] reproduced a [musical] sample" despite having "obtained a limited license from the copyright holder to use the copyrighted [sample]." *Id.* at 1144-45.

PLAINTIFF'S MOTION TO REMAND; CASE NO. 3:26-cv-01773-CRB

copyrightable, the claims are not equivalent to the exclusive rights contained in § 106." *Downing*, 265 F.3d at 1005; *see also O'Brien*, 2019 WL 462973, at *3 ("because Plaintiffs allege an unlawful use of their likenesses by Defendants, and further allege the misappropriation of non-photographic elements of their likenesses and identities, Plaintiffs have asserted rights that are not equivalent to the rights of copyright holders"); *but see Laws*, 448 F.3d at 1144 (holding that the "commercial use" "extra element" was insufficient in that case because the plaintiff's specific section 3344 claim was "part and parcel of a copyright claim.").

### b. Mr. Greene's Unfair Competition claim stems from practices not covered by copyright law.

When a plaintiff's "UCL claim relies upon Plaintiffs' non-preempted state law claims, the UCL claim is also not preempted." *O'Brien,* 2019 WL 462973, at *4. Here, Mr. Greene's UCL claims are based on the same conduct as his publicity rights claims, and therefore contain the requisite extra elements to change the nature of the action. *See* Compl. Ct. II. Therefore, for "the same reasons discussed above with respect to [the] right of publicity claim, Plaintiffs' UCL claim relies on additional rights separate from the infringement of . . . copyrighted" works. *O'Brien,* 2019 WL 462973, at *4; *see also Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, 2007 WL 1455903, at *9-10 (N.D. Cal. May 16, 2007) (finding UCL claim not preempted to the extent based on non-preempted contract claim). Further, unfair competition claims under California Business & Professions Code section 17200 require "unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Liability here, therefore, turns on unfairness, deception, and misleading advertising stemming from Defendants' exploitation of Mr. Greene's voice, likeness, and identity, which are separate elements from copying. Defendants may argue that Mr. Greene's unfair competition claim sounds in copyright because it discusses their "statements about training on 'publicly available' data without disclosure that the male AI host voice was engineered to imitate Mr. Greene's distinctive voice." Compl. Ct. II ¶ 11. Importantly, Mr. Greene's claim turns on Defendants' "statements" rather than their training on data itself and takes issue with the imitation of Mr. Greene's "voice," rather than the appropriation of any particular fixed works. *Id.* Therefore, the UCL

11

claim is based on publicity, not copyright.

### c.  Mr. Greene's Quasi-contract/unjust enrichment claim stems from non-copyright benefits.

First, "an integral component of [the] unjust enrichment claim is separate and separable from the unauthorized use of" Mr. Greene's copyrighted content, and therefore "is not preempted by the Copyright Act." *O'Brien*, 2019 WL 462973, at *3 (finding no complete preemption where plaintiffs alleged "co-opting [of] their content, likenesses, and identities"). Second, Mr. Greene's quasi-contract/unjust enrichment claim requires additional elements. "The elements of a cause of action for unjust enrichment are simply stated as 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238, (2018) (quoting *Lectrodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726, (2000)). Here, Mr. Greene alleges that Defendants benefited by "appropriating and exploiting the commercial value of Mr. Greene's distinctive voice and persona to develop, promote, and sell NotebookLM access . . . ." Compl. Ct. IV ¶ 2. There is no plausible reading of this cause of action supporting a finding that it has the same elements as a copyright claim.

Because each claim requires proof of elements qualitatively different from copyright infringement, preemption does not apply.

### B.  The Court should remand based on Mr. Greene's pleadings alone without reaching preemption analysis.

As detailed above, the Ninth Circuit has already considered and rejected whether state law publicity claims involve copyrightable expression or copyrighted source material. *See Downing*, 265 F.3d at 1010; *Midler* 849 F.2d at 462–63, *Waits*, 978 F.2d at 1100; *but see Maloney*, 853 F.3d at 1016.[7] Defendants cite none of these cases in their notice of removal. Nor do they address the Ninth Circuit's standard on removal. *See Hunter*, 582 F.3d at 1042.

---

[7] *Maloney* held that the plaintiff's publicity right claims were preempted by the Copyright Act because plaintiffs' "likeness ha[d] been captured in a copyrighted artistic visual work and the work itself [wa]s being distributed for personal use." *Maloney* 853 F.3d at 1016. The court was careful, however, to note "that a publicity-right claim is not preempted when it targets non-

In cases where plaintiffs similarly pled claims that clearly do not implicate the Copyright Act, multiple courts have held that plaintiffs' claims are distinct enough to remand without even needing to apply the two-part preemption test analyzed above. Like those cases, Mr. Greene omitted standard pleading requirements that one would normally include in a copyright complaint, and pled his claims in unrelated terms to copyright claims.

First, in *Wimer v. Reach Out Worldwide, Inc.*, the court held that "without even reaching the issue of whether the Copyright Act preempts the state law claims, the Court could conclude it lacks diversity jurisdiction or federal question jurisdiction and remand on these grounds alone." 2017 WL 5635461, at *2 (C.D. Cal. July 13, 2017). The court held that the plaintiff had "not alleged or advised the Court that he has registered any potential copyright with the Copyright Office." *Id.* Because "neither the Complaint nor the current record" showed that the plaintiff had "preregistered or registered a copyright claim, it [was] doubtful at best that Plaintiff could even raise a copyright infringement claim to confer federal question jurisdiction." *Id.* Here, too, Mr. Greene has not indicated in any way that he has registered or preregistered any potential copyright with the Copyright Office. *See generally* Compl.

Second, in *Dead Kennedys v. Biafra*, the court held after declining to conduct a complete preemption analysis that "for the two state claims most likely to run afoul of complete preemption, plaintiffs have pled them in terms that avoid preemption." 37 F. Supp. 2d 1151, 1154 (N.D. Cal. 1999). The court held that the plaintiff's unfair business practices and conversion claims did not "attempt to circumvent the copyright laws by asserting an equivalent right." *Id.* Here, too, Mr. Greene makes no claim that Defendants infringed any copyrights or equivalent rights, despite Defendants' attempts to put words in his mouth by vaguely citing copyright-adjacent language in the complaint. *See* ECF No. 1 ¶ 12. The Ninth Circuit has made clear that the plaintiff's publicity rights claims are not equivalent to copyright claims.

---

consensual *use* of one's name or likeness[.]" *Id* at 1011. Here, Plaintiff does not plead that any fixed copyrighted recording of his voice, *i.e.*, "the work itself" is being distributed. Instead, plaintiff pleads that Defendants "exploit[ed]" his "likeness" and "appropriated [his] recognizable voice and persona." Compl. ¶ 19.

Even if copyright claims could have been brought under the facts here, Mr. Greene, as "master[] of the complaint, chose not to do so." *Caterpillar Inc.*, 482 U.S. at 395. Defendants cannot dictate the meaning of the complaint. *See Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 623 (9th Cir. 2025). ("Because the plaintiff is the master of the complaint, she gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction.") (cleaned up). Nor is the possibility that the complaint could be amended to include that claim of any import here. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed.") (citation omitted).

## IV.    CONCLUSION

This Court should decline Defendants' request to expand federal copyright jurisdiction beyond its statutory bounds and remand this identity-misappropriation action to the state court where it belongs.

Dated: April 29, 2026                    Respectfully Submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Joshua Stein*_____
Joshua Michelangelo Stein

Mark C. Mao, CA Bar No. 236165
mmao@bsfllp.com
Joshua Michelangelo Stein, CA Bar No.298856
jstein@bsfllp.com
Jake A. Glendenning, CA Bar No. #345463
jglendenning@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Plaintiff*

14