**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (Bar No. 236165)
mmao@bsfllp.com
Joshua Michelangelo Stein (Bar No. 298856)
jstein@bsfllp.com
Jake A. Glendenning, (Bar No. 345463)
jglendenning@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. GREENE<br><br>              Plaintiff,<br><br>    v.<br><br>GOOGLE LLC, and ALPHABET INC.,<br><br>              Defendants. | Case No. 3:26-cv-01773-CRB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Date:           June 12, 2026<br>Time:          10:00 a.m.<br>Dept:          Courtroom 6 – 17th Floor<br>Judge:         Hon. Charles R. Breyer<br><br>Complaint Filed:          January 23, 2026<br><br>Action Removed:          March 2, 2026<br><br>**DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER**

Plaintiff David Greene brings a Motion to Remand for lack of subject matter jurisdiction against Defendants Google LLC and Alphabet Inc. (collectively, the "Defendants"). Mr. Greene alleges that Defendants misappropriated his voice, likeness, and identity to sell and promote Defendants' AI products. He originally brought his complaint in the Superior Court of the State of California, County of Santa Clara, and Defendants subsequently removed the case to this federal Court solely on the theory that Plaintiff David Greene's causes of action under California law are completely preempted by the Copyright Act and therefore give rise to federal-question jurisdiction. *See* ECF No. 1 at ¶¶ 11–12.

Having considered Plaintiff David Greene's Motion to Remand for lack of subject matter jurisdiction, papers submitted by counsel, the applicable law, all related proceedings, [and having heard the arguments of counsel,] and finding compelling reasons for the motion, the Court hereby **GRANTS** the motion. Mr. Greene's claims are not completely preempted by the Copyright Act. Mr. Greene's voice, likeness, and identity do not fall within the subject matter of copyright, and Mr. Greene's publicity rights claims require extra elements beyond the scope of the Copyright Act, thus defeating complete preemption. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 999 (9th Cir. 2001). In other words, Because Mr. Greene "allege[s] an unlawful use of [his] likeness[] by Defendants, and further allege[s] the misappropriation of non-[copyrightable] elements of [his] likeness[] and identit[y], [Mr. Greene has] asserted rights that are not equivalent to the rights of copyright holders. Therefore, the subject matter of [Mr. Greene's] right of publicity claim does not fall within the subject matter of the Copyright Act." *O'Brien v. PopSugar Inc.*, No. 18-CV-04405-HSG, 2019 WL 462973, at *3 (N.D. Cal. Feb. 6, 2019) (citing *Downing*, 265 F.3d at 1004–05).

In the alternative, the Court holds that conducting the two-part test to assess complete preemption was not necessary because Mr. Greene pled his complaint in terms that do not implicate complete preemption under the Copyright Act. *See Wimer v. Reach Out Worldwide, Inc.* 2017 WL 5635461, at *2 (C.D. Cal. July 13, 2017); *Dead Kennedys v. Biafra,* 37 F. Supp. 2d 1151, 1154 (N.D. Cal. 1999).

It is therefore **ORDERED** that this case is remanded to the Superior Court of California, County of Santa Clara for further proceedings.

DATED:_____                          _____

                                              **HON. CHARLES R. BREYER**
                                              **UNITED STATES DISTRICT JUDGE**

PLAINTIFF'S MOTION TO REMAND; CASE NO. 3:26-cv-01773-CRB