KEKER, VAN NEST & PETERS LLP
MICHELLE YBARRA - # 260697
mybarra@keker.com
SARAH SALOMON - # 308770
ssalomon@keker.com
SANA A. SINGH - # 342614
ssingh@keker.com
ELEANOR F. BROCK - # 346681
ebrock@keker.com
YEGINA WHANG - # 350287
ywhang@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendants
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID L. GREENE,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No. 3:26-cv-01773-CRB<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS**<br><br>Dept:        Courtroom 6 – 17th Floor<br>Judge:      Hon. Charles R. Breyer<br><br>Complaint Filed:        January 23, 2026<br><br>Action Removed:        March 2, 2026<br><br>Trial Date:  None Set |

6197038

Defendants Google LLC and Alphabet Inc. ("Defendants") respectfully request that the Court deny Plaintiff David Greene's ("Plaintiff" or "Mr. Greene") administrative motion to "stay" the briefing and hearing on Defendants' Motion to Dismiss. Although styled as a "motion to stay briefing," Plaintiff effectively seeks to extend only *his own* deadline for opposing Defendants' Motion to Dismiss, which Defendants filed on April 24, 2026. Plaintiff has not demonstrated the "good cause" necessary to justify such an extension. Plaintiff has also not complied with Civil Local Rule 6-3(a), which requires him to "identif[y] the substantial harm or prejudice that would occur if the Court did not change [his deadline]." Civil L.R. 6-3(a).

Given the parallel copyright preemption issues implicated by Defendants' Motion to Dismiss and Plaintiff's Motion for Remand, it would serve judicial efficiency to maintain the current briefing schedule. Plaintiff purports to seek an extension because the Motion to Dismiss may be mooted by the Court's ruling on the Motion for Remand. But, Plaintiff could have filed his Motion for Remand earlier, and in fact twice represented that he would do so in early April. Had he fulfilled his representations to the Court, Motion to Dismiss proceedings would have been stayed, per the Court's extension orders. Instead, Plaintiff waited until after Defendants were forced to file a Motion to Dismiss to make his extension request. At this point, the judicial economies of the existing schedule outweigh Plaintiff's proposal. And the Court retains full discretion to resolve the Motion for Remand first and need not reach the Motion to Dismiss if remand is granted.

## I.    RELEVANT BACKGROUND

Defendants timely removed this action to this Court on March 2, 2026. ECF No. 1. A few days prior, on February 28, 2026, Mr. Greene indicated that he intended to amend his Complaint. ECF No. 13-1 ¶ 3. On March 5, 2026, Mr. Greene further indicated to the Court that he planned to move to remand by April 3, 2026. *See* ECF No. 15 at 3. The Court thereafter granted Defendants an extension of their deadline to respond to the operative Complaint, until "twenty-one (21) days after the filing of Plaintiff's amended complaint; this Court's adjudication of Plaintiff's motion to remand; or March 30, 2026, whichever is later." ECF No. 17.

When Plaintiff still had not amended or moved to remand by March 13, 2026, Defendants

1

6197038

sought confirmation, in meet and confer, that they need not file their response to the Complaint by March 30, 2026, because Plaintiff still intended to amend and/or file for remand, as he had previously told Defendants and the Court. ECF No. 18 at 2-3 (summarizing procedural history). Despite Defendants' repeated efforts, Plaintiff refused to provide any such confirmation, forcing Defendants to file a second motion for an extension. *Id.* In response to that motion, Plaintiff again confirmed that he planned to amend his Complaint and to file a motion for remand "on or before April 1, 2026." ECF No. 19 at 2. The Court thereafter granted Defendants' extension request, ordering Defendants to respond to Plaintiff's Complaint "no later than twenty-one (21) days after this Court's adjudication of Plaintiff's motion to remand," or "[i]f Plaintiff does not file a motion to remand by April 1, 2026," to "respond to Plaintiff's complaint . . . no later than April 24, 2026." ECF No. 20.

Plaintiff, however, did not move to remand by April 1, 2026 or by Defendants' April 24, 2026 response deadline. Defendants therefore filed their Motion to Dismiss on April 24, 2026. ECF No. 21. Mr. Greene then moved to remand five days later on April 29, 2026. ECF No. 23. He now seeks to "stay briefing and hearing" on Defendants' already-filed Motion to Dismiss. ECF No. 25.

## II.    ARGUMENT

Although Plaintiff styles his motion as seeking relief, under Civil Local Rule 7-11, for "miscellaneous administrative matters, not otherwise governed by a federal statute," it is in fact a motion to extend the deadline for his response to Defendants' Motion to Dismiss.[1]  Therefore, Federal Rule of Civil Procedure 6 and Civil Local Rule 6-3(a) require Plaintiff to show good cause for an extension, and to identify the "substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R. 6-3(a); *see, e.g., Eisner v. Meta Platforms, Inc.*, 2024 WL 2112894, at *2 (N.D. Cal. Apr. 29, 2024) (denying motion to change time where movant

---

[1] Even if Civil Local Rule 7-11 were the appropriate vehicle for Plaintiff's motion (it is not), Plaintiff has not shown why his requested relief should be granted. When evaluating administrative motions to stay under Civil Local Rule 7-11, courts consider judicial economy and balance of hardships, including "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Dolby Laboratories, Inc. v. Intertrust Techn. Corp.*, 2021 WL 5322695, at *2 (N.D. Cal. Nov. 16, 2021). Here, as further explained below, both efficiency and prejudice considerations favor denying Plaintiff's motion.

2

OPPOSITION TO ADMINISTRATIVE MOTION TO STAY MOTION TO DISMISS BRIEFING
Case No. 3:26-cv-01773-CRB

6197038

failed to identify substantial harm or prejudice); *Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion to change time where the "harm" was "a problem of [the movant's] own making). Plaintiff does not address (much less satisfy) these standards.

***First,*** Plaintiff has not attempted to identify any "substantial harm or prejudice that would occur if the Court did not change the time," as required by Civil Local Rule 6-3(a). Civil L.R. 6-3(a). As such, he has conceded that no such harm or prejudice exists. Plaintiff's failure to comply with the procedural requirements of Civil Local Rule 6-3(a) is also an independently sufficient reason to deny his motion. *See, e.g.*, *Eisner*, 2024 WL 2112894, at *2 (motion to shorten time denied because movant did not comply with Civil Local Rule 6-3(a)).

***Second,*** Plaintiff has not explained how his proposed extension would "serve the interest of judicial efficiency," which is his sole claimed basis for seeking it. ECF No. 25 at 2. Plaintiff could have filed his Motion to Remand at any point in the two months since Defendants filed their Notice of Removal identifying copyright preemption as the basis for federal jurisdiction. ECF No. 1. This jurisdictional motion could have been resolved prior to any Motion to Dismiss briefing, which is what Defendants sought in their extension motions, ECF Nos. 13, 18, and what the Court indicated was most efficient by repeatedly ordering that Defendants' response to the Complaint be due after resolution of a Motion to Remand. ECF Nos. 17, 20.  Instead, after twice representing to the Court that he would file a Motion to Remand in early April, Plaintiff waited to file until April 29–after forcing Defendants to prepare and file their Motion to Dismiss on April 24.

Given the foregoing proceedings, it would be more efficient at this point to maintain the existing briefing schedules. Defendants' Motion to Dismiss raises copyright preemption arguments that are co-extensive with those supporting its Notice of Removal. On the existing schedules, briefing on Defendants' Motion to Dismiss and Plaintiff's Motion for Remand will be complete on May 15 and May 20, respectively. The Court can consider the parallel jurisdictional arguments implicated by both Motions, and, if the Court determines that federal jurisdiction exists, can proceed to the additional Rule 12(b)(6) arguments raised by Defendants' Motion to Dismiss. If the Court finds Plaintiff's remand motion to be meritorious (it is not), the Court may

3

OPPOSITION TO ADMINISTRATIVE MOTION TO STAY MOTION TO DISMISS BRIEFING
Case No. 3:26-cv-01773-CRB

6197038

simply decline to reach Defendants' Motion to Dismiss. There is no efficiency gain for the Court from Plaintiff's proposed extension. Rather, only Plaintiff will benefit after forcing Defendants to file their Motion to Dismiss on schedule.

*Third,* Plaintiff should not be rewarded for his gamesmanship with a potentially months-long extension of his deadline to respond to the Motion to Dismiss. Plaintiff claims that he "gave Defendants the full opportunity to submit their Motion to Dismiss so he could [address] any additional basis for removal not yet raised" in his Motion for Remand. ECF No. 25 at 2. That justification does not hold water. As Plaintiff is aware, Defendants could not add a new ground for removal after the thirty-day removal period set forth in 28 U.S.C. § 1446(b), which has long expired here. *See, e.g., ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000). Defendants have consistently maintained that the basis for removal is copyright preemption, and Plaintiff did not need to wait for Defendants' Motion to Dismiss to confirm that.

Instead, Plaintiff's goal appears to have been to make an end-run around the Court's extension orders, which explicitly set Defendants' Motion to Dismiss deadline after resolution of the Motion to Remand that Plaintiff twice represented in court filings was forthcoming in early April. Having delayed his remand filing until after reviewing Defendants' Motion to Dismiss, Plaintiff now seeks additional time to oppose it. The result is a (potentially substantial) one-sided extension for Plaintiff, while Defendants have already filed their opening brief and remain subject to the standard seven-day reply deadline.

Such asymmetry is not justified here. For the foregoing reasons, Defendants request that the Court deny Mr. Greene's motion to stay the Motion to Dismiss briefing schedule. In the alternative, if the Court grants Plaintiff's extension, then Defendants request that their Reply be due fourteen days after Plaintiff files his Opposition.

////

////

////

////

OPPOSITION TO ADMINISTRATIVE MOTION TO STAY MOTION TO DISMISS BRIEFING
Case No. 3:26-cv-01773-CRB

6197038

Dated:  May 4, 2026                          KEKER, VAN NEST & PETERS LLP


                                    By:    */s/ Sarah Salomon*
                                           MICHELLE YBARRA
                                           SARAH SALOMON
                                           SANA A. SINGH
                                           ELEANOR F. BROCK
                                           YEGINA WHANG

                                           Attorneys for Defendants
                                           GOOGLE LLC and ALPHABET INC.

OPPOSITION TO ADMINISTRATIVE MOTION TO STAY MOTION TO DISMISS BRIEFING
Case No. 3:26-cv-01773-CRB

6197038