IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID L. GREENE,

               Plaintiff,

      v.

GOOGLE LLC and ALPHABET INC.,

               Defendants.

Case No.  3:26-cv-01773-CRB

**ORDER GRANTING MOTION TO REMAND**

Plaintiff David Greene filed this action against Defendants Google LLC and Alphabet Inc. (collectively, "Google") in California state court.  Complaint (dkt. 1-3).[1] Greene brings four state law causes of action, all centered on Google's alleged misappropriation of his voice in one of its artificial intelligence ("AI") products.  See generally id.  Google removed the case to federal court, arguing that Greene's claims are premised on Google copying Greene's sound recordings and are thus preempted by the Copyright Act.  See Notice of Removal (dkt. 1) at 1.  Greene moves to remand, asserting that his claims are not within the scope of copyright because they concern the use of his voice rather than any purported copying.  Mot. (dkt. 23) at 1.  Because Greene's claims are based on the output (his likeness) of Google's AI and not its input (copying), the claims fall outside the reach of the Copyright Act.  The Court therefore **GRANTS** the motion.[2]

I.  **BACKGROUND**

In July 2023, Google released its first version of NotebookLM, an AI podcasting

---

[1] Because the complaint renumbers its paragraphs for its counts, citations to paragraphs in the counts are appended with a count number.

[2] Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.

product. Compl. ¶¶ 4, 34. NotebookLM allows customers to upload a folder of content to serve as the basis for an AI-generated podcast narrated by AI audio hosts. Id. ¶ 11. In addition to earning praise as a "personal information synthesizer," NotebookLM received recognition for its AI voices sounding more real and conversational than voices from similar products. Id. ¶¶ 14, 37. Because of NotebookLM's one-click ability to turn documents into a novel, explanatory podcast, millions of customers have used the Google product. Id. ¶ 41.

David Greene is a radio and podcast personality who has hosted and moderated several National Public Radio programs. Id. ¶ 2. Greene alleges that his programs "reach millions of listeners and have made [him] one of the most well-known and respected radio and podcasting voices of his time." Id. ¶ 3. Although Greene has no business relationship with NotebookLM, he learned from journalists and NotebookLM users that Google was using his voice for the product. Id. ¶ 57. Greene alleges that the voice of NotebookLM's default male AI host (which he calls "Charlie") "exhibits the same sound, tone, cadence, and mannerisms" as him. Id. ¶ 42.

On January 23, 2026, Greene filed a complaint against Google in state court. See Compl. Greene alleges that "Google used [his] voice without authorization and then used those stolen copies to develop, train, and refine its AI broadcasting product, NotebookLM." Id. ¶ 1. Although Greene alleges that his "decades-long radio and podcasting career provided clear datasets that trained Google's voice model," he adds that "regardless of the precise technical means used, Google deliberately made 'Charlie' to sound so substantially similar to [his] voice that ordinary listeners reasonably believed the voice to be [his]." Id. ¶ 65.

Greene brings four state law causes of action against Google: (1) a right of publicity claim under California Civil Code § 3344, (2) an unfair competition ("UCL") claim under California Business and Professions Code § 17200, (3) a common law right of publicity claim, and (4) a quasi-contract/unjust enrichment claim. See Compl.

On March 2, 2026, Google removed this action to federal court, arguing that

United States District Court
Northern District of California

Greene's claims are preempted by the Copyright Act.  Notice of Removal at 3.  Google has also filed a motion to dismiss, arguing that "absent preemption," Greene fails to state a claim.[3]  MTD (dkt. 21) at 1.  Greene subsequently moved to remand, asserting that his claims are outside the scope of copyright.  See Mot.

## II.    LEGAL STANDARD

The provisions for removing a civil action from state court to federal court are outlined in 28 U.S.C. § 1441.  The law states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States."  28 U.S.C. § 1441(a).  If any claim is removable to a federal district court, the court "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy" as the removable claim. 28 U.S.C. § 1367(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  There is a "strong presumption against removal jurisdiction[,] mean[ing] that the defendant always has the burden of establishing that removal is proper."  Id. (internal quotation omitted).  This "strong presumption" also means that "the court resolves all ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

## III.    DISCUSSION

Greene argues that the Court lacks subject matter jurisdiction over his claims as they do not meet the requirements for either element of the Ninth Circuit's copyright preemption test.[4]  See Mot.  Google disagrees.  See Opp'n.  The first element of the test

---

[3] Because the Court grants the motion to remand, the Court does not reach the motion to dismiss.
[4] For the first time on reply, Greene argues that Google should be estopped from arguing that his claims are preempted by copyright based on prior representations in other cases.  Reply (dkt. 31) at 11–12.  But a court "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).  Moreover, no court has accepted the positions that Greene cites, which is an important consideration for determining whether judicial

asks "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1137 (9th Cir. 2006). The second element asks "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." Id. at 1138. For a claim to be under copyright, it must satisfy both elements of the preemption test. Because Google has not met its burden to show that the subject matter of Greene's claims falls within copyright, the Court **GRANTS** Greene's motion.

### A. Subject Matter of Copyright

Greene argues that his claims fall outside of the subject matter of copyright.[5] The Court agrees.

For a claim to fall within the subject matter of copyright, its basis "does not necessarily have to be actually protected by a specific copyright or even itself copyrightable; it just has to be 'within the subject matter' of the [Copyright] Act." Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1124 (N.D. Cal. 2001). This means that the Act's subject matter "extends beyond the tangible expressions that can be protected under the Act to elements of expression which themselves cannot be protected." Id.

It is not enough for a claim to merely involve a work that falls within the subject matter of the Copyright Act. In Laws, the Ninth Circuit explained that "[t]he crucial difference" between a preempted and non-preempted claim is whether "the basis of the misappropriation claim . . . was the [copyrightable subject matter] itself." 448 F.3d at 1141 (quoting Brown v. Ames, 201 F.3d 654, 658 (5th Cir. 2000)). For example, cases like Midler (which involved a song) and Downing (which involved a photograph)

estoppel is appropriate. See Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 270 (9th Cir. 2013).

[5] Greene also argues that the Court should remand without applying the Ninth Circuit's test because his claims are "clearly" not subject to copyright. Mot. at 13. But that reasoning is circular. The Court cannot determine that Greene's claims lie outside the realm of copyright without conducting the test in the first instance.

4

implicated copyrightable material, but were nonetheless found to fall outside the subject matter of copyright.  See Midler v. Ford Motor Co., 849 F.2d 460, 462 (9th Cir. 1988) (distinctive voice was not copyrightable); Downing v. Abercrombie & Fitch, 265 F.3d 994, 1004 (9th Cir. 2001) (likeliness in a photograph was not copyrightable).

To meet its jurisdictional burden, Google must show that the basis of Greene's claims falls within the subject matter of copyright.  Google argues that the essence of Greene's claims is "that Google copied recordings of his radio and podcast episodes and used them to create a competing product."  Opp'n at 1.  Not so.  Although Google focuses on allegations about NotebookLM's inputs, Greene's claims are fundamentally about the program's outputs.  The basis of each of Greene's claims is Google's alleged misappropriation of his voice, likeness, and identity.  And these personal attributes are non-copyrightable.  See Downing, 265 F.3d at 1005 (names and likeness "are not copyrightable"); see also Midler, 849 F.2d at 462 ("voice is not copyrightable").

A review of each of Greene's claims makes this clear.  For starters, Greene premises his statutory right of publicity claim on Google "us[ing] [his] voice and/or likeness . . . resulting in a commercial benefit to Google."  Compl. ¶ 2 (Count One).  Similarly, Greene bases his UCL claim on Google not "disclos[ing] that [NotebookLM's] male AI host voice was engineered to imitate [his] distinctive voice."[6]  Id. ¶ 11 (Count Two).  Greene's common law right of publicity claim is likewise premised on Google "exploit[ing] a core attribute of Mr. Greene's identity—his distinctive voice."  Id. ¶ 2 (Count Three).  Finally, Greene's unjust enrichment claim is based on Google "exploiting the commercial value of [his] distinctive voice and persona."  Id. ¶ 2 (Count Four).

And it is immaterial that Greene could bring claims for copyright infringement.

---

[6] For his UCL claim, Greene "incorporates by reference all [his] prior and subsequent allegations" and alleges that Google engaged in unlawful, unfair, and fraudulent business acts or practices as described throughout his complaint.  See id. ¶¶ 7 (Count Two)–11 (Count Two).  To the extent that Greene argues that copying itself would constitute unlawful, unfair, or fraudulent conduct, Greene's UCL claim would be preempted.  However, as discussed, the main thrust of Greene's Google's imitation of his voice.  Id. ¶ 11 (Count Two).  As the Court explains, that is not subject to copyright.

United States District Court
Northern District of California

Under the well-pleaded complaint rule, Greene is "free to selectively plead claims to avoid federal court jurisdiction."[7] Ruiz v. Bradford Exch., Ltd., 153 F.4th 907, 914 (9th Cir. 2025) (internal quotation omitted), cert. denied, 224 L. Ed. 2d 528 (Apr. 27, 2026).  As his complaint stands, Greene's claims center on voice misappropriation, with copying merely serving as a way for Google to carry out the misappropriation.  See e.g., Compl. ¶ 16 (alleging that "Google downloaded, copied, and/or otherwise imitated [Greene's] voice without his consent").

Although Google notes that "copyright law preempts a claim alleging misappropriation of one's voice when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium," Greene's claims do not fit this description.  See Opp'n at 4 (quoting Laws, 448 F.3d at 1141).  Because a voice—unlike a particular vocal performance—is not "fixed," a medium cannot contain the "entirety" of it. See Laws, 448 F.3d at 1140–41 (quoting Midler, 849 F.2d at 462).  The rationale applies to claims that are wholly premised on the reproduction of copyrightable materials.  For example, in Fleet, the "only alleged exploitation occurred through the distribution of the actor's performance in a motion picture."  Fleet v. CBS, 50 Cal. App. 4th 1911, 1913 (1996).  Similarly, in Laws, the entirety of the misappropriation claim came from the use of a sample of the plaintiff's song.  See 448 F.3d at 1136.  However, Greene's misappropriation claims are not based on the reproduction or copying of his sound recordings.  They revolve around the fact that NotebookLM's voice is "substantially similar" to Greene's voice.  See Compl. ¶ 65.

Midler is illustrative.  There, the defendant had a license to a song but imitated the artist's voice by hiring a "sound alike" to sing it.  Midler, 849 F.2d at 461–62.  Even though the "sound alike" was told to "sound as much as possible like the [plaintiff's]

---

[7] Google argues that Greene's claims are "completely preempted" by the Copyright Act.  Notice of Removal at 3.  Under complete preemption, which is an exception to the well-pleaded complaint rule, "any claim purportedly based on . . . pre-empted state law is considered, from its inception, a federal claim."  Cnty. Of San Mateo v. Chevron Corp., 32 F.4th 733, 748 (9th Cir. 2022). However, complete preemption only applies to Greene's claims if they satisfy the Ninth Circuit's preemption requirements.  As the Court explains, they do not.

record," the court held that one's voice is "more personal than any work of authorship" and thus is not within the subject matter of copyright. Id. The court explained that the "[m]ere imitation of a recorded performance would not constitute a copyright infringement even where one performer deliberately sets out to simulate another's performance as exactly as possible." Id. at 462 (quoting H.R. Rep. No. 94-1476, at 106 (1976)). Greene's voice misappropriation claims are just like those in Midler, but with AI rather than a voice actor.

Google argues that Greene's claims "look nothing like" Midler, as in that case, there was a human engaging in the mimicry. Opp'n at 10. But Midler's holding is grounded in voice imitation generally, rather than imitation by human actors. See 849 F.2d at 463. Just as in Midler, Greene's voice imitation claims are not within the subject matter of copyright.

Because Google fails to demonstrate that Greene's claims fit under the first element of the copyright preemption test, the Court does not reach the second element.

IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand.

**IT IS SO ORDERED.**

Dated: July 23, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

7